## ADAMS vs. THE CITY COUNCIL OF FORT GAINES.

1. The city council of Fort Gaines sold and conveyed to Adams a bridge, including in their deed the following covenant: " And it is further agreed that said David C. Adams shall take and hold said bridge under and in accordance with an act of the General Assembly of the State of Georgia, approved March 5th, 1856, being ' an act to incorporate the Fort Gaines Bridge Company and punish those who may wilfully impair the same.' He is to carry out said act in every respect. He is to permit all persons, together with their conveyances, who have for sale and are bringing to Fort Gaines market country produce of any description or kind of the value of $5, to pass over the bridge with said produce, free from toll." The act of 1856, thus referred to, gave power to build the bridge and provided, among other things, that the Fort Gaines

Bridge Company " be allowed to charge and receive for the passing over said bridge the same rates of tolls as are allowed by law for crossing at the Columbus bridge." The charter of the Columbus Bridge Company, as amended in 1842, exempted from the payment of toll persons bringing across the bridge corn, cotton, fodder, rye, oats, wheat and potatoes:

*Held* that, under this covenant, the purchaser was not entitled to charge any toll on persons carrying to the Fort Gaines market any of the seven enumerated kinds of country produce in any quantity, whether more or less than five dollars in value, or in returning therefrom; and as to persons so carrying country produce of any other kind or description to the value of five dollars or more, he was not entitled to charge any toll.

2. This covenant was not ambiguous, and parol testimony was not admissible to explain its meaning.

February 18, 1888.

Covenants. Roads and bridges. Words and phrases. Evidence. Before Judge JOHN T. CLARKE. Clay superior court. March adjourned term, 1887.

Reported in the decision.

A. HOOD, WELLS & LARK and C. WILSON, by J. H. LUMPKIN, for plaintiff in error.

W. D. KIDDOO and J. D. RAMBO, *contra.*

SIMMONS, Justice.

It appears from the record that the city council of Fort Gaines owned a certain bridge across the Chattahoochee river at that place. On the 6th of November, 1877, the city council made and executed a warranty deed to this bridge, to David C. Adams, for the sum of $7,000. In the deed was the following covenant or agreement:

" And it is further agreed that said David C. Adams shall take and hold said bridge under and in accordance with an act of the general assembly of the State of Georgia, approved March 5th, 1856, being ' an act to incorporate the Fort Gaines Bridge Company and punish those who may wilfully impair the same.' He is to carry out said act in every respect. He is to permit all persons, together with their

conveyances, who have for sale and are bringing to Fort Gaines market country produce of any description or kind of the value of $5, to pass over the said bridge with said produce, free from toll.''

The act of 1856, referred to in this agreement, in giving permission to build this bridge, provided, among other things, that the Fort Gaines Bridge Company " be allowed to charge and receive for the passing over said bridge the same rates of tolls as are allowed by law for crossing at the Columbus bridge." The charter of the Columbus bridge, as amended by the act of 1842, exempted from the payment of toll persons bringing across the bridge corn, cotton, fodder, rye, oats, wheat and potatoes.

In this case the city council of Fort Gaines filed their bill against Adams, setting up this covenant in the deed which they had made to him, and alleging that he had refused and still continued to refuse to allow corn, cotton, fodder, rye, oats, wheat and potatoes, and persons who de- sired to bring them to Fort Gaines market for sale in quantities less in value than $5, to pass said bridge free from toll ; and refused to allow any other country produce besides that last above named, together with the persons and conveyances bringing the same to said market, (although over the value of $5) to pass said bridge free of toll ; but, on the contrary, required that persons bringing such country produce should pay toll at said bridge.

Adams, in his answer to the bill, admits this charge to be true, but says that this is not a violation of his contract with the city council of Fort Gaines, but is according to the true intent and meaning thereof.

The case was submitted to the judge of the superior court without the intervention of a jury ; and after hearing the evidence and argument in the case, the court found in favor of the complainant, and entered up the following decree :

" It is considered, ordered, adjudged and decreed, that the defend- ant, David C. Adams, be and he is hereby perpetually enjoined and re- strained from charging any toll whatever to any person or persons,

and their conveyances and vehicles, bringing to the market of Fort Gaines for sale, across the bridge described in the bill known as the Fort Gaines bridge, in any quantity whatever, or in returning from said market after bringing any of said articles for sale, any corn, cotton, fodder, rye, oats, wheat or potatoes, and in any quantity to the value of $5 or more, any peas, syrup, cotton-seed, eggs, beef, mutton, pork, bacon, poultry, fruit, or any other country produce of any kind or description whatever."

To this finding and decree of the court the plaintiff in error filed his bill of exceptions; and among other errors assigned, he alleges that the court erred in construing the covenant in the deed as he did. It therefore depends upon the proper construction of this covenant as to whether the case shall be affirmed or reversed.

1. We think the court was right in his construction of the covenant. The several articles exempted by the amendment to the Columbus bridge charter, which was made a part of the charter of this bridge by the act of 1856, were not to pay any toll whatever, according to the proper construction of this covenant between the city council of Fort Gaines and Adams. Adams covenanted to carry out the act of 1856 in every respect; meaning thereby that he would not charge toll upon persons or conveyances bringing these exempted articles to the market at Fort Gaines; and the city council of Fort Gaines, appearing from this contract not to be satisfied with this exemption as stated, the following was added immediately after the foregoing words: that he was to permit all persons, together with their conveyances, who had for sale and were bringing to Fort Gaines market country produce of any description or kind, of the value of $5, to pass over the said bridge with said produce free from toll. We think, therefore, that the articles specified in the act of 1842, amending the Columbus bridge charter, and the persons and conveyances bringing them to market, and all other agricultural products, such as mentioned in the bill, whenever the latter should be brought in quantities of the value of $5 or more, and the persons and conveyances bringing

them to market, were to pass free from any toll whatever. So we think the court was right in the construction put upon this agreement.

2. It is claimed by the plaintiff in error that this covenant or agreement was ambiguous, and that the court erred in not admitting parol testimony to explain the ambiguity. We think the court did right. The agreement or covenant is not ambiguous, to our minds, but is plain and explicit, and it did not need parol testimony to explain it.

Judgment affirmed.