| 8 | 329 |
| 10 | 447 |
| 13 | 388 |

THE FIRST NATIONAL BANK OF OMAHA, PLAINTIFF IN ERROR, v. WALLACE R. BARTLETT, AND OTHERS, DEFENDANTS IN ERROR.

1. **Husband and Wife:** CREDITOR'S BILL AGAINST. Upon a creditor's bill being filed against B. and wife to subject certain real estate held by the wife in her own name to the payment of a judgment against the husband, B. and wife answered, alleging that said real estate was purchased with funds belonging to the separate estate of the wife: *Held*, that it constituted a good defense to the action.

2.  **Practice:** ERROR.  This being a proceeding in error, if the decree in favor of the wife was taken for too large a sum, the plaintiff should have filed a motion in the court below to correct it.

ERROR from the district court for Douglas county. The facts appear in the opinion.

*Woolworth & Munger*, for plaintiff in error.

*George W. Ambrose*, for defendant in error.

MAXWELL, CH. J.

This is a proceeding in error to reverse a judgment of the district court of Douglas county upon a creditor's bill filed by the plaintiff against Bartlett and wife, to subject certain real estate held in the wife's name to the payment of a judgment against Bartlett. The court rendered judgment in favor of the wife for $7,000, and declared the same a lien upon the property in question, subject to a prior mortgage held by Lucretia R. Steele.   The errors assigned are:

1st.   "That the facts set forth in the answer of Wallace R. Bartlett and Sarah F. Bartlett are insufficient to constitute a defense to said action, and to base the amount of the lien found due Sarah F. Bartlett by said judgment and decree."

2d.   "That the court erred in decreeing that the lien of the defendant Lucretia R. Steele be first paid."

The answer, among other things, alleges in substance that the lots were purchased and the house erected with money of the wife, and states particularly from what source a portion of the money was derived.  This being the case, it constitutes a defense to the plaintiff's cause of action, as the separate property of the wife is not liable for the husband's debts.

This being a proceeding in error, if the decree is for too large a sum the plaintiff should have filed a mo-

tion in the court below to correct it. The ruling of the court upon the motion could then have been reviewed. This has been the uniform practice of the court in proceedings of this kind.

As to the second assignment of error, it is sufficient to say, that the plaintiff's petition alleges that such a mortgage was executed on lot three on the seventh day of July, 1871, to secure the sum of $1,650, and that the same has been assigned to Lucretia R. Steele. There is therefore no error in the record of which the plaintiff can complain.

JUDGMENT AFFIRMED.