FERDINAND KOCH, PLAINTIFF IN ERROR, V. WELTHA A. RHODES, DEFENDANT IN ERROR.

**Husband and Wife:** REPLEVIN: EVIDENCE. Where a wife had replevied certain property levied upon as the property of her husband, and on her direct examination testified that she owned the property in dispute, *Held*, That on her cross-examination she could be asked how much money she had at the time of her marriage, and who worked the farm that she claimed. Also, that evidence showing a transfer of the farm from the husband to the wife, through a trustee, after the recovery of the judgment, should have been admitted.

ERROR to the district court for Cuming county. Tried below before BARNES, J.

*Crawford & McLaughlin*, for plaintiff in error.

In all cases the plaintiff must have an interest in the property sought to be replevied, and must be entitled to the immediate possession thereof at the time the action is brought. *Prater v. Frazer*, 11 Ark., 249. *Baker v. Fales*, 16 Mass., 147. *Berthold v. Fox*, 13 Minn., 50. *Hill v. Robinson*, 16 Ark., 90. *Sprague v. Clark*, 41 Vt., 6. *Alden v. Carver*, 13 Iowa, 253. *Moorman v. Quick*, 20 Ind., 67. *Gartside v. Mixon*, 43 Mo., 138. *Curdy v. Brown*, 1 Duer, 101. *Rockwell v. Saunders*, 19 Barb., 473. *Bogard v. James*, 9 Hump., 739. And she must maintain her case on the strength of her own title on the day she commenced her suit. If she fails, the property will be returned to the defendant. *Stanly v. Neale*, 98 Mass., 343. *Reinheimer v. Hemingway*, 35 Penn. St., 432. The cross-examination of the plaintiff in the court below was restricted entirely too much. It is impossible to uncover fraud in this class of cases when the opposite party is hampered in the cross-examination of the parties who are guilty

of the fraud, or at least where presumption of fraud is so strongly raised by the facts. *Taylor Mnfg. Co. v. Obermeyer*, 6 Neb., 260.

*R. F. Stevenson*, for defendant in error.

MAXWELL, CH. J.

This is an action of replevin. In the year 1876, the First National Bank of Fremont recovered a judgment, in the county court of Cuming county, against W. C. Galloway and John G. Rhodes, for the sum of $315 and costs. In November, 1878, an execution was issued on said judgment and levied upon a number of hogs, several head of cattle, and three stacks of wheat, as the property of Rhodes. This property was taken on a writ of replevin by the defendant, Weltha A. Rhodes, the wife of John G. Rhodes. The defendant, being called as a witness on her own behalf, testified on her direct examination that she was the owner of the property above described, and was asked on cross-examination, " How much money or other property did you have at the time of your marriage?"

This question was objected to as too remote. The objection was sustained, to which the defendant in the court below excepted. This question was proper for the purpose of showing that she was or was not the *bona fide* owner of the property in question.

The following question was also asked this witness: "Mrs. Rhodes, who works this place that you claim to own?" This question was objected to as immaterial, irrelevant, incompetent, and not proper cross-examination. The objection was sustained, to which the plaintiff herein excepted. The court erred in excluding this question. It was proper for the purpose of ascertaining whether the defendant was in fact the owner of the wheat replevied or not. Other questions of similar

import were objected to and excluded, which should have been answered. The cross-examination was entirely too restricted to enable the jury to arrive at the facts as to the actual ownership of the property in dispute. The defendant in the court below also offered to prove that after the recovery of the judgment in question, Rhodes and wife conveyed the farm on which they reside, and on which the wheat in dispute was raised, to Ezra J. Smith, and that Smith and wife, on the same day, conveyed said premises to Weltha A. Rhodes, the defendant in error. This evidence was objected to as immaterial, and the objection was sustained. This testimony should have been admitted. There is such a community of interest between husband and wife that such transfers are often resorted to for the purpose of withdrawing the debtor's property from the reach of his creditors, and preserving it for his own use. A court will protect the rights of the wife to the fullest extent where it appears that she is dealing with her own funds. But where property has been transferred to her by her husband after a debt has been incurred, there is a presumption against her which she must overcome by affirmative proof. *Seitz v. Mitchell*, 4 Otto, 583. *First National Bank v. Bartlett*, 8 Neb., 329.

The judgment of the district court is reversed and the cause remanded for new trial.

REVERSED AND REMANDED.