D. L. THOMPSON AND JOHN P. MANNING, PLAINTIFFS IN ERROR, V. MARY S. LOENIG, DEFENDANT IN ERROR.

**Husband and Wife.**   Where property is transferred by a husband to his wife after a debt is contracted, as against that debt, she must show by a preponderance of proof that she is a *bona fide* purchaser.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*J. D. Gilman* and *A. R. Scott,* for plaintiffs in error.

*C. Gillespie,* for defendant in error.

MAXWELL, J.

This is an action of replevin brought by the wife of F. A. Loenig to recover certain property levied upon for a debt of her husband. Judgment was rendered in the court below in favor of the defendant in error. It appears from the testimony that the debt against Loenig was incurred in 1873, and that at that time he was the owner of 160 acres of land in Richardson county, upon which he resided, and that he also possessed three horses, two cows, and farming implements. In May, 1875, judgment for the sum of $218.85 and costs was rendered against him on the claim above mentioned, in the county court of Richardson county, and on the seventh day of November, 1879, an execution was issued on the judgment and levied upon a quantity of corn in the crib and fifty fat hogs. This property was claimed by the wife of Loenig and reclaimed by replevin. Her title to this property was derived in the following manner, viz.: In 1873, she cooked for a neighbor while he was threshing his grain, and received $10 for her services. With $6 of this sum she purchased six small shoats, that have multiplied to the number of about 100. In December, 1874, Loenig and wife conveyed the land upon which they resided, and still reside, to one James A. Pickett, for an expressed consideration of $500, and on the fourteenth day of December, 1874, Pickett and wife conveyed the land in question to Mary S. Loenig for an expressed consideration of $600. The testimony fails to show that Pickett paid a single dollar of consideration for the land, or that Mrs. Loenig paid him any sum whatever of

her own money.  She swears that she paid $600, which she borrowed from friends in small sums, but wholly fails to name a single person from whom she received assistance. There has been no change in the possession.  The farm is still cultivated by the husband, so far as appears, with his team and implements, and the corn in the crib and that fed to the hogs levied upon, so far as this record discloses, was raised by the husband on this farm.  The debt being contracted before the farm was transferred to the wife, and the grain being raised by the husband, the wife must establish by a preponderance of evidence that she is a purchaser in good faith.  *Seitz v. Mitchell*, 4 Otto, 583.  *First Nat. Bank v. Bartlett*, 8 Neb., 329.  *Koch v. Rhodes*, 10 Id., 445. The testimony upon this point is not sufficient to sustain the verdict.  The case differs from that of *Deck v. Smith,* 12 Neb., 389.  In that case the debt was contracted in 1876, and the wife, in 1853, had received from her father's estate between $250 and $300, which, with the assent of her husband, she had continued to manage as her individual property.  The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.