SAMUEL MCANULTY, ADMINISTRATOR OF THE ESTATE OF WARREN B. DUNLAP, PLAINTIFF IN ERROR, V. SAMUEL MCCLAY, DEFENDANT IN ERROR.

**Administration of Estates.**   A citizen and resident of this state died at his home in L. county owning property in this state and in the state of Illinois.   Letters of administration of his estate were granted by the probate court of A. county, in Illinois, to the plaintiff in error, who applied to the district court of L. county, in this state, for license to sell the real estate.   *Held*, That such administrator had no authority as such in this state, and such license could be legally granted only to an adminis-trator appointed by the probate court of L. county, in this state, that being the place of domicile of the deceased at the time of his death.

ERROR to the district court for Lancaster county.   Heard below before POUND, J.

*Foxworthy & Son*, for plaintiff in error.

*Charles L. Hall,* for defendant in error.

REESE, J.

This was an application to the district court by the plaintiff in error for license to sell real estate belonging to the estate of Warren B. Dunlap, of which estate he alleges he is the administrator. The license was granted, the land sold to the defendant in error, and the report thereof made to the district court in due form. Upon motion for confirmation the defendant in error in writing called the attention of the court to the fact, which was disclosed by the records, that at the time of the death of the intestate he was a resident of Lancaster county, Nebraska, and that the letters of administration under which the plaintiff in error was acting, were issued by the probate court of Adams county, in the state of Illinois, whereupon the district court refused to confirm the sale, and dismissed the proceedings, holding, doubtless, that the administrator thus appointed had no authority to act in this state. The plaintiff in error excepted to the ruling of the district court, and brings the cause into this court by petition in error for review.

It is a generally recognized legal proposition that the last place of domicile of a deceased person is the place where letters testamentary or of administration must issue, and that the probate court of that place alone has jurisdiction.

In *Rubber Co. v. Goodyear,* 9 Wall., 789, the supreme court of the United States has held that the last domicile of the deceased determines the jurisdiction as to administration. See also Wells on Jurisdiction of Courts, § 275. See also *Creighton v. Murphy,* 8 Neb., 356. *Minkler v. Woodruff,* 12 Neb., 270. *Cadman v. Richards,* 13 Neb., 386.

The legislature has to our mind fully recognized and established this doctrine in this state, for section 177, p. 233, of the Compiled Statutes provides that "When any

person shall die. intestate, being an inhabitant of this state, letters of administration of his estate shall be granted by the probate court of the county of which he was an inhabitant or resident at the time of his death. If such deceased person at the time of his death resided in any other territory, state, or country, leaving estate to be administered on in this state, administration thereof shall be granted by any probate court of any county in which there shall be estate to be administered; and the administration first legally granted shall extend to all the estate of the deceased in this state, and shall exclude the jurisdiction of the probate court of every other county." It seems to be the established rule throughout the country that *general* letters of administration may be granted only at the place of domicile of the deceased, and that the probate court of that place or jurisdiction only has authority so to do. If the deceased had property in a state of which he was not a resident, letters of administration may be issued in any county where the property or a part of it may be, and that will be authority for the administrator, in any other county in the state, to take charge and control of the property of the deceased; but this authority is limited to the state in which the letters were granted. But if the letters are granted in the state and county where the deceased was a resident and had his domicile at the time of his death, then if permitted to do so by the statutes of other states, the administrator may file duly authenticated copies of his appointment and proceed as if first appointed in such state. Secs 100 and 101, Compiled Statutes, chap. 23.

An examination of the statutes of this state upon this subject renders it plain that it was not the intention of the legislature to surrender the authority of the state over the estates of its citizens who die while residents thereof, whether within its jurisdiction or not, but that so far as the general settlement of estates of its citizens is concerned, the jurisdiction and authority of the state should be retained.

It is strongly urged by the plaintiff in error that section two of the act of 1869, which is section 337, chap. 23, of the Compiled Statutes, is in point in this case, and removes all doubt of the authority of an administrator appointed, as in this case. And, since it is urged with so much confidence, we will notice it, although briefly.

This section is as follows: "An executor or administrator duly appointed in any other state or country may commence and prosecute any action or suit in any court in this state, in his capacity of executor or administrator in like manner and under like restrictions as a non-resident may be permitted to sue."

If we are correct in our view of this section it has no reference to cases of the kind now under consideration, but has reference only to ordinary actions under the code. The proceeding to be followed in an application by an administrator for license to sell real estate is strictly a statutory proceeding, and is not governed by the rules of practice adopted for the prosecution of actions. In the case provided for by the section last quoted it is not necessary for the foreign executor to file authenticated copies of his appointment before commencing his action, but may allege his capacity in his petition. If his authority is denied by the answer of his adversary, that fact must be proven as any other. If not denied, no proof is necessary. Again, he may be required to secure costs as a non-resident, and in other respects be under "like restrictions."

It seems to us quite clear that in order to sell the land of the deceased and give a good title to the purchaser, letters of administration must be granted in Lancaster county, in this state, and the administrator thus appointed procure the necessary license. It follows that the decision of the district court was correct and must be affirmed

JUDGMENT ACCORDINGLY.

THE other judges concur.