## EMLU W. BURTON v. LYMAN A. WILLIAMS.

FILED JANUARY 8, 1902.    No. 10,871.

1. Administrator: EXTRA-TERRITORIAL FORCE. A grant of administration has, as a matter of right, no extra-territorial force or operation; and the official character of an administrator does not, by virtue of the authority creating it, follow him beyond the limits of the state in which he was commissioned.

2. Suit Against Administrator: PERSONAL JUDGMENT. When an administrator is sued only in his official character, a judgment can not be rendered against him personally.

3. ————: EFFECT OF JUDGMENT. A judgment against an administrator is, in legal effect, an adjudication subjecting the assets within the jurisdiction of the court to the satisfaction of the claim in suit.

4. Enforcement of Judgment Against Administrator. Such a judgment can not, except, perhaps, under special circumstances, be enforced by action beyond the territorial limits of the state or sovereignty in which it was rendered.

5. Foreign Executors and Administrators: RIGHT OF ACTION. Section 337, chapter 23, Compiled Statutes, 1901, which authorizes foreign executors and administrators to sue in the courts of this state, does not, by implication, make them subject to suit here.

6. Judgment Against Administrator: PERSONAL CAPACITY. A judgment against a defendant as administrator will not support an action against him in his personal capacity, even though it award execution against his individual property in case the assets of the estate can not be reached.

ERROR from the district court for Washington county. Tried below before POWELL, J. *Affirmed.*

*Osborn & Aye,* for plaintiff in error.

*Frank S. Howell, contra.*

SULLIVAN, J.

This action was upon a foreign judgment, and resulted in a decision adverse to the plaintiff, Emlu W. Burton. The petition alleged that the plaintiff sued the defendant, Lyman A. Williams, as administrator of the estate of Frank M. Williams, deceased, in the supreme court of the District of Columbia, and there recovered a judgment against him both in his representative capacity and as an individual. The answer was a general denial. The only evidence given at the trial was a duly authenticated transcript of the proceedings in the original case. From this record it appears that there were two causes of action stated in the declaration; one being exclusively against the estate of the deceased, and the other being of such a character that a recovery might have been had upon it against the defendant either in his representative or personal capacity. But while the plaintiff might, in our opinion, have proceeded against the defendant personally upon one of her causes of action, it is entirely certain that she elected not to pursue that course. The evidence is, it seems to us, conclusive that she sought to charge him upon both demands as administrator, and not otherwise. In the declaration and summons the defendant is described as "administrator," and it is alleged that the plaintiff's claims are (1) for money loaned to Frank M. Williams in his lifetime; and (2) for money received by the defendant, as ad-

ministrator, for plaintiff's use. The substantive averments of the declaration, as well as its form and the form of the original writ, gave the case the stamp and impress of a suit brought for the purpose of charging the assets in the hands of the administrator, and for no other purpose. The defendant, in his official character, filed a plea to the declaration; and the issue thus formed was tried to a jury, who returned a verdict in favor of the plaintiff upon both causes of action. Afterwards the court overruled defendant's motion for a new trial, and made the following order: "This case coming on to be heard upon the defendant's motion for a new trial, and the same having been heard, it is considered that said motion be, and the same is hereby, overruled, and judgment on verdict ordered; but it being unknown to the court what assets and claims have or shall come to the hands of the defendant to be administered, and regard being had to the whole amount of said assets, and of all claims lawfully payable out of the same, respectively, it is referred to the auditor of this court to ascertain and report the same, and it is ordered that this case stand over to await said auditor's report, or the further [order] of the court." Pursuant to this order the auditor made a report from which it appears that the defendant, as administrator, had in his hands money and property more than sufficient to pay all the indebtedness of the intestate, including the amount found by the jury to be due to the plaintiff. Upon consideration of this report the court rendered the following judgment: "And now comes here the plaintiff, by her attorney, and prays judgment of her demand against the defendant on the report of the auditor in this case; and it appearing by the said report that the administrator has in his hands assets of deceased estate more than sufficient to pay the plaintiff's demand, interest and costs, and no cause having been shown to the contrary, it is considered that the plaintiff recover against the defendant nine hundred dollars ($900), with interest on $100 from the 31st day of May, 1893, and on $800 from the 1st day of July, 1893,—being the money payable by him to the plaintiff by

32

reason of the premises,—together with her costs of suit, to be taxed by the clerk, and have execution thereof against the assets in the hands of the defendant, if any there be, and, if none, then out of his own goods and chattels, lands and tenements." It does not appear that execution was ever issued upon the judgment, or that Williams has converted to his own use any of the assets of the estate. Neither does it appear that he is a resident of this state, or that such assets, or any part of them, have been brought here. The plaintiff's cause of action, as shown by her petition, is grounded upon the bare fact that she recovered in the supreme court of the District of Columbia the judgment above set out. This was plainly insufficient, and the trial court was right in so deciding. That there can be no recovery against the defendant, either in his representative or personal character, under the circumstances here disclosed, is, we believe, a proposition upon which the authorities are agreed. The grant of administration extended as matter of right only to the assets found in the District of Columbia, and the defendant was therefore not suable in his representative capacity in this state. The law upon the subject is very clearly stated in *Vaughan v. Northup*, 15 Pet. [U. S.], 1. The question being whether an administrator or executor is liable to be sued in his official character outside of the jurisdiction from which his authority was derived, Mr. Justice Story, delivering judgment, said: "We are of opinion, both upon principle and authority, that he is not. Every grant of administration is strictly confined in its authority and operation to the limits of the territory of the government which grants it; and does not, *de jure*, extend to other countries. It can not confer, as a matter of right, any authority to collect assets of the deceased, in any other state; and whatever operation is allowed to it beyond the original territory of the grant, is a mere matter of comity, which every nation is at liberty to yield or to withhold, according to its own policy and pleasure, with reference to its own institutions and the interests of its own citizens. On the other hand, the adminis-

trator is exclusively bound to account for all the assets which he receives, under and in virtue of his administration, to the proper tribunals of the government from which he derives his authority; and the tribunals of other states have no right to interfere with or to control the application of those assets according to the *lex loci.* Hence it has become an established doctrine that an administrator, appointed in one state, can not, in his official capacity, sue for any debts due to his intestate, in the courts of another state; and that he is not liable to be sued in that capacity, in the courts of the latter, by any creditor, for any debts due there by his intestate." Other cases illustrating the doctrine thus stated are *Stacy v. Thrasher,* 47 U. S., 43; *Johnson v. Powers,* 139 U. S., 156; *Turner v. Risor,* 54 Ark., 33; *Jefferson v. Beall,* 117 Ala., 436; *Hedenberg v. Hedenberg,* 46 Conn., 30; *Judy v. Kelley,* 11 Ill., 211; *Braithwaite v. Harvey,* 14 Mont., 208; *Davis v. Smith,* 5 Ga., 274. The authority of the defendant as administrator being limited to the property of the deceased within the District of Columbia, the judgment in suit was, in legal effect, an adjudication for the satisfaction of plaintiff's claim out of such property. In other words, it was a direction to the defendant to make payment of the amount found due by the jury out of the property which he held in trust. *McGarvey v. Darnall,* 10 L. R. A. [Ill.], 861. What was in substance a judgment against a specific fund under the control of the supreme court of the District of Columbia, can not be transformed by the courts of this state into a judgment against another and different fund. We are aware of the provision of our statute (Compiled Statutes, 1901, ch. 23, sec. 337) authorizing foreign executors and administrators to sue in this state, but we are entirely satisfied that the right to sue does not imply liability to be sued. *Vaughan v. Northup,* 15 Pet. [U. S.], 1; *Greer v. Ferguson,* 56 Ark., 324.

We come now to the contention of counsel that the judgment sued on was a personal judgment against Lyman A. Williams, and evidenced a debt due from him to the plain-

tiff. Considered in the light of the whole record, it is very
evident that the judgment was not against Williams in his
personal capacity. The issue formed by the pleadings and
tried by the jury, was whether the defendant was liable to
the plaintiff as administrator. It was not alleged in the
declaration that the defendant was liable personally. That
question was neither presented for trial nor tried, and con-
sequently a determination of it would bind no one. *Austin
v. Munro,* 47 N. Y., 360; *Van Cott v. Prentice,* 104 N. Y.,
45. Nothing appearing to the contrary, it may, perhaps,
be presumed that the supreme court of the District of Co-
lumbia possessed the authority which it assumed to exercise
in awarding execution against the individual property of
the defendant, in case sufficient property of the deceased
could not be found. *Council Bluffs Savings Bank v. Gris-
wold,* 50 Nebr., 753. But certainly the award of execution
in that form did not make the judgment a general judg-
ment against the defendant in his personal capacity. The
provision in regard to the issue and levy of execution per-
tains to the remedy; it relates to the execution of the judg-
ment; it is, in substance, a declaration that the judgment
which was rendered against the administrator, and estab-
lished a liability against him alone, might be enforced, if
assets of the estate could not be reached, by seizing the
individual property of the administrator.

The judgment is right, and is

AFFIRMED.