Davis v. Davis.

MARY DAVIS, APPELLANT, V. JOHN SAMUEL DAVIS, APPELLEE.

FILED MAY 26, 1924. No. 22719.

1. **Trusts: RESULTING TRUSTS: PROOF.** The theory of a resulting trust is based upon the intention which the law imputes to the parties, and to establish such a trust the proof must be clear and convincing.

2. **Evidence** examined, and *held* insufficient to establish a resulting trust in favor of plaintiff in the 80-acre tract of ground described in plaintiff's petition.

3. **Limitation of Actions: RENTS.** The statute of limitations (Comp. St. 1922, sec. 8512) may run in favor of one in possession of lands so as to bar a claim for rents and profits beyond the period fixed by the statute.

4. **Evidence: SUFFICIENCY.** The evidence supports the findings of the trial court as to the rental value of the property in controversy and the amount to be credited to defendant for the use of improvements placed thereon, and such findings are approved.

5. **Homestead.** A homestead may be composed of contiguous parts of different governmental subdivisions, notwithstanding the existence of a public highway over a section line dividing the tracts.

6. ————: POWERS OF PROBATE COURT. The widow's right of homestead, if any, in lands of which her husband died seised vests immediately upon his death, and a probate court is without jurisdiction to enter any order affecting her interest therein other than the mere finding and determination of her status as such widow.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Lambert & Hawxby* and *O. P. Coshow,* for appellant.

*Kelligar, Ferneau & Gagnon, contra.*

Davis v. Davis.

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., and REDICK, District Judge.

MORRISSEY, C. J.

This is an action in equity to establish equitable ownership in plaintiff of 80 acres of land in Richardson county, and to decree plaintiff entitled to a one-third interest during her life in all other real estate of which her husband died seised and now held by defendant, and for an accounting by defendant, her son, of the rents and profits of the real estate involved since the death of her husband in 1895.

In 1870 or 1871 plaintiff and her husband, John W. Davis, came to the state of Nebraska and purchased 80 acres of land in Richardson county with money belonging to plaintiff. Later more land was acquired. Title to the land was taken in the name of John W. Davis and was so held by him during his lifetime. The married life of plaintiff and her husband appears to have been an unhappy one, and culminated in plaintiff leaving her home and living apart from her husband until shortly before his death, when she returned to him and nursed him through his last sickness. During the period of separation the husband deposited money to plaintiff's credit in a local bank in the amount of $1,500, which sum was apparently drawn out and used by plaintiff, and according to defendant's witnesses was accepted in the nature of a settlement of their respective accounts.

By will John W. Davis bequeathed and devised to his wife, "just such portion of my personal and real estate as she may be entitled to by law and no more." Provision was also made in the will for the payment of all debts and funeral expenses and the erection of a monument on his grave. A small bequest was made to his daughter and the balance of the estate was bequeathed and devised to his son, defendant in this action. On probate of the will one-third of the personal property and a life estate in one-third of all the real estate owned by John W. Davis at the time of his death was set over to the. widow. Defendant was de-

creed to be the owner of the real estate, subject only to the life estate of the widow, and he has ever since paid the taxes assessed against the property and has paid plaintiff annually one-third of the rental value of the property, less one-third of the taxes.

The trial court found that plaintiff should not recover the fee title to the 80 acres first purchased, but that she was entitled to a homestead right in this land as well as in another 80 acres adjoining it but lying in another section, notwithstanding a public road ran along the section line between the two tracts. And the court allowed plaintiff the reasonable rental value of the 160 acres for the years 1916, 1917, 1918, 1919, 1920, and 1921, but disallowed claims for prior years because barred by the statute of limitations. Plaintiff was also awarded a one-third dower interest in all other land owned by John W. Davis at the time of his death. Defendant was allowed a small sum for the use of improvements he had placed upon the land.

Plaintiff appeals from that part of the decree denying her ownership in fee of the original 80 acres and from the allowance to defendant of compensation for the use of the improvements placed thereon. Defendant has taken a cross-appeal from that part of the decree which gives plaintiff a homestead right in the entire 160 acres, and from the granting of a dower interest in the balance of the land, and from the amount of the rent to be paid, claiming that the allowance is excessive.

Appellant's first assignment of error is that the ownership of the original 80-acre tract was not correctly decided. She urges that a resulting trust in her favor has been sufficiently shown. "Parol evidence to establish a resulting trust must be clear, unequivocal and convincing." *Doane v. Dunham,* 64 Neb. 135. The theory of a resulting trust is based upon the intention which the law imputes to the parties, and proof of this intention must be full and satisfactory. In the instant case there is no evidence that plaintiff ever claimed to own the land. It is true that John W. Davis in his lifetime frequently acknowledged that his wife con-

tributed all or part of the money used in establishing their home, but plaintiff does not show that this may not have been a loan or gift, whether repaid or not. The evidence is not sufficient to raise a trust, while it is ample to support the finding of the trial court.

Plaintiff urges that her recovery for rents and profits should not be limited to four years next preceding the bringing of the action. Without passing on the question of whether or not such limitation should be made in case of a trust, suffice it to say that this case presents merely a personal action against one wrongfully in possession and the statute of limitations, section 8512, Comp. St. 1922, applies.

Plaintiff complains that the amount allowed her for rent was inadequate, but the court based its finding upon the testimony of competent witnesses as to the rental value of the land, and that finding will not be disturbed.

There is no merit in plaintiff's contention that defendant should not have been granted an allowance for repairs and improvements, since it appears from the testimony of reliable witnesses that the improvements added increased the rental value of the land.

On behalf of the cross-appellant it is urged that the court erred in granting plaintiff a homestead right in the full 160 acres. The original 80 acres were purchased in 1871, and another 80-acre tract was added in 1875, and both were used and operated as one farm. The two tracts are separated by a public highway, but are nevertheless contiguous, since the fee to public highways remains in the landowner, the public having but an easement. Nor is it required that a homestead be included in one governmental subdivision, for as said in *Tindall v. Peterson,* 71 Neb. 160: "A homestead may be composed of contiguous parts of different governmental subdivisions."

The cross-appellant further urges that the court erred in allowing plaintiff homestead rights in any of the property, and relies upon the proposition that any such rights were barred by the probate proceedings had in 1896 by which she was given a life interest in one-third of all the property.

The district court ruled in effect, and rightly we believe, that the probate proceedings did not defeat such of plaintiff's rights as were not barred by the statute of limitations. The widow's right of homestead, if any, in lands of which her husband died seised vests immediately upon his death, and a probate court is without jurisdiction to enter any order affecting her interest therein other than the mere finding and determination of her status as such widow. *Fischer v. Sklenar*, 101 Neb. 553.

The record is free from error; the evidence amply supports the judgment of the trial court, and it is

AFFIRMED.

Note—See Homesteads, 29 C. J. p. 832, sec. 114; p. 1030, sec. 529—Limitation of Actions, 25 Cyc. p. 1107 (1925 Ann.)—Trusts, 39 Cyc. pp. 105, 160, 166.