IN RE HEIRSHIP OF SHERMAN C. ROBINSON.
ALICE E. ROBINSON ET AL., APPELLANTS, v. W. M. CLARK, ADMINISTRATOR, APPELLEE.

FILED JANUARY 15, 1930. No. 26944.

*Frederick J. Patz* and *Lewis C. Westwood,* for appellants.

*Jay C. Moore, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBER-
LY and DAY, JJ., and THOMSEN, District Judge.

THOMPSON, J.

This is a proceeding lodged in the first instance in the
county court of Johnson county, Nebraska, on May 9, 1928,
by the petitioners, appellants herein, under sections 1481,
1482, and 1483, Comp. St. 1922, as amended by chapter
65, Laws 1925, and section 1484 of such statutes, for the
purpose of having determined their heirship to lands in
such Johnson county. Judgment was rendered in favor
of the petitioners, appeal taken by the appellee herein to
the district court, where the judgment of the county court
was modified, as hereinafter indicated; to reverse which
this appeal is had.

The questions involved herein are presented to this
court for the first time, and, being complicated, it becomes
necessary to detail both the law and the facts more than is
usual.

The law applicable is as follows: Section 1481: "Where
more than two years have elapsed since the death of a per-
son residing in this state, or residing outside of the state,
but owning real estate or any interest therein situated with-
in this state, or who had made entry on any government
lands and had not received patent therefor, and no appli-
cation has been made in the state of Nebraska for the ap-
pointment of an administrator either by his heirs or by
persons claiming to be creditors of said deceased, any heir
of the deceased or other person having derived title to any
real property or any interest therein from said deceased or
from any of his heirs either by direct or mesne convey-
ances may make application by petition to the county court
of the county in which the deceased resided at the time of
his death, or in cases where the deceased was a nonresi-
dent of the state at the time of his death then in the county
court of the county where the real estate or some part
thereof belonging to the deceased in his lifetime is situated,
for a determination of the time of the death of the dece-
dent, and a determination of the heirs of said deceased, the

degree of kinship and the right of descent of the real property belonging to said deceased." Laws 1925, ch. 65, sec. 1.

Section 1482: "Upon filing such petition the county court shall fix a time for hearing said petition not less than thirty days nor more than sixty days subsequent to the filing thereof, and notice of the time and place of said hearing shall be given to all persons interested in said estate, both creditors and heirs, setting forth the filing of said petition, the date of the death of the deceased, his place of residence, a description of the real property of which he died seised, or a description of the real property on which he had made an entry but had not yet received patent, the interest in said real estate of the petitioner and the prayer of the petition. Said notice shall be published in a legal newspaper in said county for three successive weeks prior to said hearing." Laws 1925, ch. 65, sec. 2.

Section 1483: "Upon such hearing if it shall appear to the court that more than two years have elapsed since the date of the death of the deceased, that he died intestate seised of an estate of inheritance in this state, or that he died intestate having entered on government lands and not yet received a patent therefor, and that no application has been made in the state of Nebraska for the appointment of an administrator of the estate of said deceased, the court shall determine who are the heirs of said deceased, their degree of kinship and the right of descent of the real property of which the deceased died seised, or on which he had made an entry, and shall make and enter his decree accordingly." Laws 1925, ch. 65, sec. 3.

Section 1484: "Such decree, unless appealed from as provided by law, shall be binding and conclusive upon all persons including creditors and heirs, and all claims or demands against the estate of such deceased, whether due or to become due, whether absolute or contingent, shall be forever barred: Provided, however, that this section shall not be construed to effect or limit the term within which any lien against the real estate of said deceased may be enforced."

The record discloses that the petition of the applicants in both the county and district courts met every requirement of the above statutes, as did also the notice had prior to the hearing in such county court. The answer, in substance, simply challenged the right of these respective courts to enter judgment as prayed by petitioners, for the reason that claims had been filed and allowed in Kansas, as hereinafter set forth, and that they were unpaid, and that there was no other property save and except the lands here in question out of which to pay the same; further, that the claims so allowed in the Kansas court existed at the time of the death of the decedent, and were his unsecured obligations, and by his death liens were imposed on his entire estate wherever situate, and that, to the extent of bringing such claims within the proviso contained in section 1484 hereinbefore quoted. The theory at the trial was that affirmative allegations in the answer were denied.

The facts material for our consideration, admitted or left without contradiction, are as follows: That Sherman C. Robinson, a resident and citizen of Douglas county, Kansas, died on November 5, 1924, intestate, without issue, 'eaving as his sole and only heirs the petitioners herein; that at such time and prior thereto he was the owner of an undivided one-sixth interest in the lands here in question situate in Johnson county, Nebraska, subject to the life estate held by Alice E. Robinson, one of the petitioners herein, who had, and ever since has held, possession and control thereof, also owned lands and personal property in such Douglas county, Kansas; that more than two years had elapsed since his death, prior to the filing of the petition herein in the county court of Johnson county praying for the determination of heirship; that on November 15, 1924, appellee herein was appointed administrator of the estate of such deceased in the probate court of Douglas county, Kansas, qualified, and has been ever since, and now is, so acting; that numerous unsecured claims of indebtedness were fi'ed in such Kansas probate court by divers and sundry creditors of the deceased, and by such court allowed;

that all of the lands and personal property in the state of Kansas were legally reduced to cash and the proceeds applied in partial payment of such allowed claims and costs of administration, leaving unpaid of such claims over $8,-000; that no other property, save the lands in Johnson county, Nebraska, remains undisposed of; that shortly after the appointment of such administrator he became possessed of knowledge of the aforesaid facts in reference to these Johnson county lands, but neither he, nor any heir, nor persons claiming to be creditors of the deceased, nor other person, had applied for the appointment of an administrator in this state; that this proceeding was lodged in the county court of Johnson county, Nebraska on May 9, 1928, and answer thereto filed on June 6, 1928, on which latter date the administrator lodged a proceeding in the district court under sections 1423 and 1424, Comp. St. 1922, to obtain license to sell the lands here in question to pay the aforesaid allowed Kansas claims; the same being *Clark v. Robinson,* p. 306, *post,* a proceeding *in rem,* which was argued and submitted to us at the same time as the instant case, and action had therein as herein indicated as to this instant proceeding.

In applying the law to the issues and facts submitted in support thereof, it was determined by the county court, in substance, that the proviso which forms a part of section 1484, hereinbefore referred to, excluded from the operation of the statutes, heretofore quoted, liens which had been created prior to the death of the decedent, and not claims such as are evidenced by the administrator's answer; hence, decree was entered as prayed.

In the district court, on appeal, the holding of the county court that the claims in question were not such as were covered by the above mentioned proviso, and therefore not liens on the Nebraska lands, was held to be erroneous, in that the debts allowed by the Kansas courts are liens upon the Nebraska lands, and are such liens as are contemplated by such proviso in section 1484; and it was further held that, while the petitioners are entitled to a decree as prayed, such decree should provide that the Nebraska lands,

subject to the life estate of Alice E. Robinson, are held and possessed by them free and clear of all claims and demands against the estate, including expenses of administration, subject, however, to the debts and claims allowed by the Kansas probate court; and judgment was entered accordingly.

Thus, our attention is directed to the scope, intent and purpose of the act in question, and as to whether or not the allowed Kansas claims are liens which come within the proviso contained in the aforesaid section 1484. In this determination the act should be considered as an entirety, looking to its intent and purpose, and in this light expression should be given to its different parts. *Nebraska District of Evangelical Lutheran Synod v. McKelvie*, 104 Neb. 93. Thus, the history of the act becomes helpful, and will be noticed herein as it appears pertinent.

Considering the act as a whole, we conclude that its scope, intent, and purpose are to enable any heir of one dying intestate owning lands in this state, or to enable any other person who has derived title to such lands or any interest therein from the deceased or from any of his heirs either by direct or mesne conveyances, after two years have elapsed from the date of such death without any heir or creditor of deceased having made application for letters of administration in this state, to file a petition in the county court of the county in which the deceased resided at the time of his death, or in cases where the deceased was a nonresident of the state at the time of his death, then in the county court of the county where such lands or some part thereof is situated, for the purpose of having a determination of heirship made, and a judgment entered which shall be binding and conclusive upon all persons including creditors and heirs, and shall forever bar as to the lands in question all claims or demands against the estate of such deceased, whether due or to become due, whether absolute or contingent; and incidentally to furnish a means of procuring an otherwise unprovided for link in the chain of the record title to such lands. Thus, as we conclude, the act provides for a limited and circum-

scribed form of administration of the estate (independent of that of the ordinary administration thereof) where more than two years have elapsed since the death of the intestate and no application for administration of the estate has been filed in this state within the interim. The foregoing scope, intent, and purpose is in harmony with, and in furtherance of, the long-established public policy of this state, to provide by statute limitations, rules and regulations in respect to the title of real estate in this state so that such title may be easily ascertained and readily transferred.

An act independent and complete within itself, prompted by a similar purpose, but dissimilar in its wording, was enacted in 1913, which by reason of its exceptions and exclusions defeated its own purpose. Rev. St. 1913, secs. 1536-1539, inclusive. This act was repealed and supplanted by another independent and complete act in 1915, which was carried into the Compiled Statutes of 1922 as sections 1481-1484, inclusive, all of which last named sections, save 1484, were amended in 1925 (Laws 1925, ch. 65) by adding a provision in reference to government lands, and as thus amended, together with the aforesaid section 1484, are the sections hereinbefore quoted as being the law applicable here.

In section 16, art. VI, of the Constitution of 1875, it is provided: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointments of guardians, and settlement of their accounts; in all matters relating to apprentices; and such other jurisdiction as may be given by the general law. But they shall not have jurisdiction in criminal cases in which the punishment may exceed six months imprisonment, or a fine of over five hundred dollars; nor in actions in which title to real estate is sought to be recovered, or may be drawn in question; nor in actions on mortgages or contracts for the conveyance of real estate; nor in civil actions where the debt or sum claimed shall exceed one thousand dollars." This constitutional provision was amended in 1920, but the only change material here was by adding the words, "and in

such proceedings to find and determine heirship," immediately following the words, "of deceased persons." As thus amended it now appears as section 16, art. V, of the Constitution.

In *Fischer v. Sklenar*, 101 Neb. 553, careful consideration was given by us to the above provision of our Constitution, before such 1920 amendment, in connection with sections 1494 and 1495, Rev. St. 1913 (now sections 1439 and 1440, Comp. St. 1922), relating to the settlement and distribution of estates of deceased persons, and we held:

"Upon its probate side a county court is a court of general jurisdiction, and its judgment upon matters of probate and of settlement and distribution of the estates of deceased persons made upon due and proper notice is final and cannot be collaterally attacked.

"The probate court in the settlement of an estate has jurisdiction to find and determine who are the heirs of the decedent. In so doing the court does not determine the title to real estate. The statute of descent passes the title upon the fact so found."

Further, in *State v. O'Connor*, 102 Neb. 187, the above quoted holdings were approved, and authorities supporting such approval reviewed, and in the course of the opinion (page 190) we said: "But, in a case between rival heirs where the determination of title depends upon the question of heirship, the district court cannot make a final adjudication until that question has been settled by the county court."

Appellee cites sections 1423 and 1424, Comp. St. 1922 (being sections 100 and 101, ch. 17, Gen. St. 1873), as conferring authority upon him to sell these lands in Nebraska to satisfy the allowed Kansas claims, and insists that, as the act here in question did not provide for the amendment or repeal of such sections, it contravenes section 14, art. III, of our Constitution, wherein it is provided: "And no law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed." It is true that section 1423 provides: "When an executor or administrator shall be

appointed in any state or territory, or in any foreign country, on the estate of any person dying out of this state, and no executor or administrator thereon shall be appointed in this state, the foreign executor or administrator may file an authenticated copy of his appointment in the district court in any county in which there may be any real estate of the deceased." And section 1424: "Upon filing such authenticated copy of his appointment, such foreign executor or administrator may be licensed by the same court to sell real estate for the payment of debts or legacies, and charges of administration, in the same manner, and upon the same terms and conditions, as are prescribed in the case of an executor or administrator appointed in this state, excepting in the particulars in which a different provision is hereinafter made."

It is to be observed that the act of 1915 is an original and independent act, complete within itself, and, as such, it remains notwithstanding the amendatory act of 1925; for, as we held in *State v. Hevelone,* 92 Neb. 748: "The section of an act properly amended should be construed precisely as though it had been originally enacted in its amended form." Further, the act in question does not conflict with section 14, art. III, of the Constitution, above quoted, for where an independent legislative act does conflict with, or is repugnant to, a prior statutory enactment not mentioned, the prior law, by implication, is repealed or modified to the extent at least that the former is inimical to the latter. *State v. Hevelone,* 92 Neb. 748; *State v. Ure,* 91 Neb. 31. It therefore follows that, in so far as the above sections 1423 and 1424 infringe upon the act here in question, the same are by it repealed. Hence, so far as the procedure here involved and the rights of the parties in and to the lands in question herein are concerned, such sections 1423 and 1424 are without force or effect. They were not enacted by our legislature as a matter of right, or even of duty, but simply as a courtesy extended, which could be withdrawn in whole or in part at will.

It might also be well to mention, as indicating the policy of this state as well as more directly affecting the matters

involved herein, that section 1293, Comp. St. 1922, which provides for the appointment of administrators, was amended by chapter 73, Laws 1925, so as to prevent the appointment of a nonresident as administrator of the estate of a person dying intestate. Thus it will be seen that between the time of this amendatory act of 1925 going into effect and the appearance of the administrator in the county and district courts in this state nearly three years had elapsed.

Our attention has not been called, either by brief or oral argument, to section 1380, Comp. St. 1922, which provides: "An executor or administrator duly appointed in any other state or county may commence and prosecute any action or suit in any court in this state, in his capacity of executor or administrator, in like manner and under like restrictions as a nonresident may be permitted to sue: Provided, in case any executor or administrator shall have been appointed in this state, such person only shall be entitled to commence and prosecute actions or suits within this state in his capacity as such executor or administrator." However, it might be well to state that such section has reference to ordinary actions under the Code (*McAnulty v. McClay*, 16 Neb. 418) and not to proceedings to sell land of a deceased person for the payment of his debts, the latter being special and partaking of the nature of a proceeding *in rem* (*Miller v. Hanna*, 89 Neb. 224).

As to the proviso in section 1484: In *Lichtensteiger v. State*, 89 Neb. 356, we held: "A proviso in a statute is generally intended to except something from its operation which would otherwise be within its provisions." Further, as stated by us in the course of the opinion in *State v. Farmers Irrigation District*, 116 Neb. 373, 378: "The proviso, according to the ordinary rules governing such, must be strictly construed, and in the light reflected by the act or statutes of which it is made a part, not in derogation of the intent and purpose of the original, but in furtherance thereof."

With the above holdings, the act, its scope, intent, and purpose before us, what was the legislative intent in its

use of the word "lien" in this proviso? As we have seen, the Constitution, as well before as after the 1920 amendment, in granting jurisdiction to a county court, denied such jurisdiction to it in actions on mortgages or contracts for the conveyance of real estate. The legislative body must have had, and undoubtedly did have, in mind this supreme law of our state when it framed and enacted this exception to the scope, intent, and purpose of that which preceded it, and was endeavoring to keep the act within constitutional limitations. Certainly it did not have in mind other than liens existent on the lands of a decedent at and prior to his death, which come within the provisions of our recording acts, and such as arise by reason of judgments, attachments, and executions, and other liens of a similar nature. It is our view that it did not have in mind that which resembles liens created by reason of the death of the decedent in favor of all creditors, under section 1220, Comp. St. 1922 (such as the allowed Kansas claims), for if the legislature did so intend then the proviso would defeat the vital purpose of the act, save that of determining who are the heirs of the deceased person, as did the act of 1913, the defects in which were sought to be corrected in the 1915 act. In arriving at the above conclusions we have at all times had in mind that this act is without application where the deceased died testate, and also the reason for this exclusion which is that he had in his lifetime made provision as to his properties. The act in question did not include personal property, as its situs is ordinarily that of the owner, while the situs of real property is fixed by its location. Thus, such act deals solely with real estate in this state, and is limited to lands brought in question as in this proceeding. The appellee presses the thought that his clients, by reason of their having had their claims allowed in a Kansas court, stand in a different position than creditors in this and other states, whose claims, if such there be, have not as yet been allowed, and this notwithstanding he insists that other claims may be hereafter allowed as the estate is still in process of administration in Kansas. Further, he urges, by way of his brief:

"We wish to observe one peculiarity in this statute, which is that it is wholly silent about creditors or other persons appearing to assert their rights (in this proceeding), except in section 1482 it is provided that notice must be given to them, and we believe a fair construction of the law is that any creditor or administrator who would have the right to look to this property and whose claim was not otherwise barred would be entitled to have this right enforced in this heirship proceeding. Otherwise, why notify creditors or anybody save and except those who might be heirs at law or who might be holding the property under mesne conveyance. Again, it would appear that, this being a so-called short form of administration, of necessity, the beginning of such proceedings immediately gives to those whose claims are not otherwise barred the right to have such claims allowed in the heirship proceedings." Such proposition lacks a basis. If more than the two years have passed and no administration has been taken out in this state, the limitation has run and all claims are barred by statute. The sole object of giving notice to creditors is that they may appear and contest certain of the applicant's statements, to wit: That more than two years have elapsed since the death of deceased; that the decedent died intestate, seised of real estate, or an interest therein, in this state, the whole or a part of which is situate in the county in which the proceeding is instituted; that no application has been made in this state for the appointment of an administrator of the estate of the deceased; that the application is made by an heir of the deceased, or by other person authorized. These four jurisdictional questions a creditor may contest, and no more. If these are finally found as alleged, the creditor is, as to the lands in question, without remedy. It might further be stated as an axiom: The right given to a creditor of a deceased person to subject the deceased's property to the payment of a debt owing such creditor, at best, is a conditional right, one dependent upon a compliance with conditions imposed, as imposed; and a bar arises upon a failure of such compliance, whether it be as to manner or time. The statutes provide the

method, by whom, and when pursued; as to the creditor, it is compliance or waiver of all rights.

We might add that it is a generally observed rule in such proceedings that the law of the state where the land in question is situate is controlling as to it, and is not affected by that of a foreign state or country.

In *Burton v. Williams,* 63 Neb. 431, we held: "A grant of administration has, as a matter of right, no extraterritorial force or operation; and the official character of an administrator does not, by virtue of the authority creating it, follow him beyond the limits of the state in which he was commissioned."

Hence, the allowance of the claims in Kansas could not, and did not, affect lands in Nebraska.

In *Fall v. Eastin,* 215 U. S. 1, it was held: "A court not having jurisdiction of the *res* cannot affect it by its decree nor by a deed made by a master in accordance with the decree." And further held: "The full faith and credit clause of the Constitution does not extend the jurisdiction of the courts of one state to property situated in another state, but only makes the judgment conclusive on the merits of the claim or subject-matter of the suit; and the courts of the state in which land is situated do not deny full faith and credit to a decree of courts of another state, or to a master's deed thereunder, by holding that it does not operate directly upon and transfer the property." The above rules were announced in affirming the judgment of this court reported in *Fall v. Fall,* 75 Neb. 104.

In *Vaughan v. Northup,* 15 Pet. (U. S.) 1, in the course of the opinion, Judge Story said: "Every grant of administration is strictly confined in its authority and operation to the limits of the territory of the government which grants it, and does not, *de jure,* extend to other countries. It cannot confer, as a matter of right, any authority to collect assets of the deceased, in any other state; and whatever operation is allowed to it beyond the original territory of the grant is a mere matter of comity, which every nation is at liberty to yield or to withhold, according to

its own policy and pleasure, with reference to its own institutions and the interests of its own citizens."

The determination of the county court was right, and should have been sustained. Hence, the judgment of the district court is reversed and the cause remanded, with directions to enter judgment in favor of the petitioners, Alice E. Robinson and Hattie M. Sandusky, in conformity with this opinion.

REVERSED.

GOOD, J., dissents.