JAMES A. EDINGTON ET AL., APPELLEES, V. GLENN R. PAULSEN ET AL., APPELLANTS:   W. A. C. JOHNSON ET AL., APPELLEES.

FILED JUNE 5, 1936.   No. 29699.

*F. A. Dutton,* for appellants.

*T. T. Bell, Prince & Prince, Taylor & Spiker* and *E. E. Richards, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and KROGER, District Judge.

DAY, J.

This is a suit to foreclose a real estate mortgage in which the defendants filed a cross-petition for the rescission of the contract for the sale of land covered by the mortgage.

The trial court entered a decree of foreclosure finding against the defendants on their cross-petition.

Even though the pleadings are somewhat more voluminous than necessary, and the briefs discuss a number of questions, the only issue presented by the appeal is whether the abstract of title tendered to the defendants in accordance with the terms of the contract was sufficient to show a good title of record to the premises. During the trial of this case, it was stipulated that the objection of the defendants to the abstract was based upon the final decree of the county court in the estate of John H. Charles, deceased. The vendors, the plaintiffs in this case, were the heirs of John H. Charles, deceased, and secured their title as such. The title to this property formerly was in the name of John H. Charles and W. A. C. Johnson. The deeds which were delivered to the defendants were executed by W. A. C. Johnson and all the heirs at law of John H. Charles, deceased.

There were several final decrees entered in the proceedings for the probate of the estate of John H. Charles, deceased. It is apparent that there was an attempt to satisfy the objections of the attorney for the defendants. All of the final decrees were entered after proper notice to all parties interested, and determined who were the heirs of John H. Charles, deceased. The heirs of John H. Charles at the date of his death were determined in each instance to be the vendors of the land in controversy here.

The probate court in the settlement of an estate has jurisdiction to determine heirs of a decedent. When this fact is determined, the statute of descent passes the title to property. *Fischer v. Sklenar*, 101 Neb. 553, 163 N. W. 861; *Davis v. Davis*, 112 Neb. 178, 199 N. W. 113. "In a proceeding in such court to determine heirship, the title to real estate is not drawn in question. The court simply determines who are the heirs, and the law of descent passes the title." *In re Heirship of Robinson*, 119 Neb. 285, 228 N. W. 852.

After the execution of the deeds in this case, George

Hogg, one of the heirs of John H. Charles, died and left as his heirs, Charles Mitchell Hogg and Dorothy Hogg. In a later decree entered of record by the probate court in the John H. Charles estate case, the court found that Charles Mitchell Hogg and Dorothy Hogg were the heirs of George Hogg, deceased, and assigned George Hogg's share of the real estate to them. This, of course, did not affect the title in any way, since George Hogg in his lifetime had conveyed his interest in the real estate to the defendants in this case. The title to the property could not be affected by this superfluous finding of the probate court in the settlement of the estate of John H. Charles. Each of the final decrees entered in the settlement of the estate of John H. Charles, deceased, found that his heirs were the grantors in the deeds executed in favor of the defendants. There is no inconsistent finding in any of these decrees as to who were the heirs of the deceased, and these heirs, having divested themselves of title by the execution of a conveyance by warranty deed, had no interest in this real estate. The finding of the probate court relative to the heirs of George Hogg could have no possible effect upon the title to this real estate, since George Hogg had no interest at the time of his death.

Since it has been stipulated that the objection to the title is based solely upon the proceeding in the settlement of the estate of John H. Charles, deceased, this court adopts the finding of the trial court that the abstract tendered the defendants showed a good title of record as required by the contract of sale. An examination of the entire record does not reveal any error in the proceeding, and the judgment is

AFFIRMED.