EDWARD ALBERT, DOING BUSINESS AS ALBERT REALTY, APPELLANT, V. ARTHUR A. STUEBER, GUARDIAN OF ESTELLA STUEBER, INCOMPETENT, APPELLEE.

275 N. W. 2d 408

Filed February 27, 1979. No. 41836.

Fredrick L. Swartz and David J. Powers, for appellant.

Rollin R. Bailey of Bailey, Polsky, Huff & Cada, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and STANLEY, District Judge.

STANLEY, District Judge.

This is an action to recover a real estate broker's commission filed by Edward Albert, plaintiff-appellant, filed in the county court of Lancaster County, Nebraska. After trial judgment was entered against the defendant-appellee Stueber individually. Appellee appealed and the District Court for Lancaster County reversed and set aside the judgment entered against the appellee as an individual.

At all pertinent times appellee, Arthur A. Stueber, was the appointed and acting guardian of Estella Stueber, an incompetent. During the latter part of 1973 or early 1974, the appellee discussed the sale of certain real estate of his ward with the appellant. The appellee stated that it would be necessary to obtain court authorization before proceeding with any sale. On February 15, 1974, a license to sell real estate was entered by the Lancaster County court providing in part: " * * * Arthur A. Stueber, guardian [of Estella Stueber] be, and he hereby is, licensed to sell in a manner prescribed by law, the real estate above described." Shortly thereafter appellee informed the appellant that he had obtained a license to sell. The parties then entered into a listing agreement providing for a selling price of $28,500 and a broker's cash commission of 6 percent of the sale price. Appellant subsequently obtained an offer to purchase for the listed price, which the appellee accepted in his capacity as guardian. On May 7, 1974, the appellee, as guardian, petitioned for and received a supplemental order from the Lancaster County

court granting him a license to sell the real estate at either public or private sale.

On May 9, 1974, the parties met to close the transaction, but were unable to obtain title approval since the land had not been sold at public sale. A public sale was then held and the property sold for $24,000 to the same parties that made the offer to purchase under the listing agreement. The sale was confirmed by the county court. The appellant claims he is entitled to his real estate commission since he had produced the buyer and performed all other conditions required under the listing agreement.

Prior to the adoption of the Nebraska Probate Code, which became effective on January 1, 1977, sales of real property of a ward by guardians or conservators was governed by the provisions of section 38-601 et seq., R. R. S. 1943. Section 38-613, R. R. S. 1943, specifically required that all sales must be by public sale unless the value of the real property be less than $500. By law the license to sell order issued by the county court thus restricted the guardian to a private sale of property valued at less than $500 and if the property was valued in excess of this amount, the sale had to be by public sale. The supplemental license to sell entered on May 7, 1974, authorized sale by either private or public sale and carried, by law, the same value restriction. Under the facts in this case there was a legal impossibility for the parties to perform under the conditions of the listing agreement which constituted a private sale and established the value of the real estate far in excess of the statutory limit. Whether either party actually knew the limitation on value under the license to sell does not change the law in effect at that time.

The remaining issue is whether Arthur A. Stueber is individually liable under the listing agreement. The title of the case as filed in county court, the service of summons, the allegations in the petition,

and the evidence at the trial all address the defendant-appellee in his capacity as guardian. This court in Burton v. Williams, 63 Neb. 431, 88 N. W. 765, held that when an administrator is sued in his official capacity only, a judgment cannot be rendered against him personally.

The District Court was correct in reversing and setting aside the judgment entered against the appellee in his individual capacity. The decision of the District Court is correct and should be affirmed.

AFFIRMED.

KRIVOSHA, C. J., and CLINTON, J., concur in result.