No.   90-304

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

KATHLEEN D. BREUER, as Guardian of
Perian T. Breuer, Natural Mother,
and Guardian of Michael John Breuer,
a minor child,

Plaintiff and Respondent,

-v-

JACK POE and CHARLOTTE POE, as Parents
and Guardians of Jason G. Poe,
a minor child,

Defendants and Appellants.

FILED

SEP 2 0 1990

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Timothy D. Geiszler, Geiszler and Newcomer;
Missoula, Montana

For Respondent:

Dennis E. Lind; Datsopoulous, MacDonald and Lind;
Missoula, Montana

Submitted on Briefs:   August 23, 1990

Decided:   September 20, 1990

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from a default judgment rendered by the Fourth Judicial District, Missoula County. The judgment imposed personal liability upon Jack and Charlotte Poe, guardians of Jason Poe, in the amount of $5,010.95. We reverse.

The only issue relevant to this appeal is:

Whether the District Court erred in rendering judgment against Jack and Charlotte Poe in their individual capacities.

In 1988, Perian Breuer and Jason Poe, while minors, conceived a child in Missoula County, Montana in the year 1988. Shortly after the child's birth, Jason Poe's parental rights were terminated.

On July 7, 1989, Kathleen Breuer, as guardian of her daughter Perian, and grandson Michael [child of Perian and Jason] filed suit to recover medical costs incurred as a result of Michael's birth. Jack and Charlotte Poe were named in the complaint as guardians of their son Jason.

The Poes filed a motion to dismiss the complaint. This motion was denied on December 29, 1989 and the trial court gave the Poes twenty days to file an answer to the complaint. Apparently, no answer was filed and the District Court rendered a judgment by default against the Poes individually on March 8, 1990. According to the judgment, they are personally liable for medical costs incurred by Perian Breuer in the amount of $3,709.37 together with costs in the amount of $75.00 and attorney's fees in the amount of $1,226.58, for a total sum of $5,010.95. This appeal followed.

Both parties present several issues for our review including alleged procedural defects of the appeal, jurisdictional issues and the propriety of the award of attorney's fees. We will not address any of these issues, however. Our decision to vacate the judgment is dispositive of this entire appeal.

As stated above Kathleen Breuer filed a complaint seeking reimbursement of medical costs incurred by her daughter Perian as a result of the birth of a child conceived by the daughter and Jason Poe. The complaint named Jason's parents, Jack and Charlotte, defendants, as guardians of their son.

In their capacity as guardians, Jack and Charlotte Poe were charged with the duty of safeguarding Jason's rights during the legal proceeding initiated by Kathleen Breuer. See 39 Am.Jur.2d Guardian and Ward § 1. However, this duty does not subject them to personal liability for the alleged wrongful acts of their son. Albert v. Stueber (Neb. 1979), 275 N.W.2d 612.

Furthermore, the Poes were not given any notice that they were subject to personal liability. The title of the case as filed in District Court, the allegations contained in the complaint and all of the motions at trial address the Poes in their capacity as guardians. Given these facts, it is obvious that they were not notified of any likelihood of personal liability. Due process and fair play mandate against such occurrences. We therefore reverse and vacate the judgment entered against Jack and Charlotte Poe.

_R. C. McDonough_
Justice

3

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_John C. Sheehy_

_Diane G. Barz_
Justices