BURLINGTON & MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA v. LAURA MARTIN, ADMINISTRATRIX.

FILED FEBRUARY 4, 1896.     No. 6009.

1. **Appeal: PARTIES.** The parties to a judgment, or their privies, alone can prosecute an appeal or petition in error.

2. ——: ——: DISMISSAL. A petition in error will be dismissed where it is prosecuted by one who has no interest in the controversy, and against whom no judgment has been entered.

ERROR from the district court of Adams county. Tried below before BEALL, J.

*W. S. Morlan, Marquett & Deweese,* and *F. E. Bishop,* for plaintiff in error.

*John Doniphan* and *Batty & Dungan, contra.*

NORVAL, J.

A suit was instituted in the district court of Adams county by Laura Martin, administratrix of the estate of James Martin, deceased, against the Burlington & Missouri River Railroad Company in Nebraska to recover damages for negligently

causing the death of her husband.   After the peti-
tion and answer were filed, by order of the court
below, the Chicago, Burlington & Quincy Railroad
Company was substituted as party defendant in
the cause, instead of the corporation first above
named.   Upon the trial a verdict was returned in
favor of the plaintiff against the substituted de-
fendant for $5,000, which was followed by a judg-
ment for a like sum, to reverse which the Burling-
ton & Missouri River railroad in Nebraska has
prosecuted a petition in error, in its own name, to
this court.

The proceedings must be dismissed, since it does
not appear from the record that this plaintiff in
error is in any manner interested in the contro-
versy, or affected by the judgment sought to be
reviewed.  .It is disclosed, after the said order of
substitution was made, the title of the cause was
changed, and all papers thereafter filed therein,
and the bill of exceptions, verdict, and judgment
were entitled " Laura Martin, Administratrix,
Plaintiff, v. Chicago, Burlington & Quincy R. R.
Co., Defendant."   This plaintiff in error was com-
pletely dropped out of the case when the order of
substitution was entered, appeared no further
therein, and no judgment was rendered against it,
therefore there is not anything of which it could
complain.   Certainly it cannot champion the lost
cause of another separate and distinct corporation,
not before the court, unless a privity of interest is
shown, which is not the case before us so far as we
can gather from the record.   It is only the parties
to a judgment, or their privies, who can prosecute
an appeal or petition in error.   (Elliott, Appellate
Procedure, secs. 132 *et seq.*, and cases there cited.)

.DISMISSED.