B. F. STURTEVANT COMPANY v. BOHN SASH & DOOR COMPANY AND DIXON NATIONAL BANK ET AL., INTERVENERS.

FILED OCTOBER 5, 1899. No. 8,690.

1. Garnishment: MONEY IN CUSTODIA LEGIS. Money *in custodia legis* is not subject to the process of garnishment.

2. ——: ——: WAIVER OF DEFENSE. The garnishee may waive the defense that the money is not liable in his hands to garnishment.

3. **Conflicting Evidence:** REVIEW.  Findings of fact based on conflicting evidence will not be disturbed on review.

4. **Review:** PARTIES.  One not prejudiced by a judgment can not obtain a review thereof.

REHEARING of case reported in 57 Nebr., 671.  *Judgment below reversed in part.*

*John P. Breen,* for plaintiff in error.

*Byron G. Burbank, contra.*

NORVAL, J.

At the last term of this court the petition in error was dismissed, it being held that money about to be paid to a clerk of the district court to be distributed under decree of such court can not be reached by garnishment out of county court against distributee.  See 57 Nebr., 671.  A rehearing has been allowed, and the cause again submitted for our consideration.

It is insisted that no one but Mr. Moores, the garnishee, had the right to raise the objection that the fund was *in custodia legis* or question the validity of the attachment.  We think the contention sound.  But he could and did waive the defense that he was not liable to be garnisheed by not making objections on that ground in the court below.  The garnishment proceedings were not void, but voidable only in case the officer made a defense that the money sought to be garnisheed was in the custody of the law, and for that reason was not liable to be reached by the process invoked by the plaintiff.

The district court found the issues in favor of the interveners and against the plaintiff.  This finding having been based on conflicting evidence, in obedience to a long line of decisions, can not be disturbed on review.

In argument it is said that in no event was it proper for the trial court to render judgment in favor of the interveners and against the garnishee; that the proper practice would have been to have dismissed the proceed-

ings in attachment. Whether this contention is sound or not we are not called upon to decide, since the garnishee has not sought a reversal of the judgment rendered against him, and one not prejudiced by a judgment can not obtain a review thereof. See *Burlington & M. R. R. Co. v. Martin*, 47 Nebr., 56. It follows that the plaintiff can not be heard to complain of the judgment rendered against the garnishee.

Not only was the judgment entered against the garnishee for the full amount of money in his hands, but the interveners recovered $75 as interest thereon against the plaintiff. The recovery of interest was wholly unauthorized. The attached fund was never in their hands, and merely because the same was tied up by garnishment proceedings is no reason why the plaintiff should pay interest on the money. The judgment of the trial court allowing interest is reversed, but in all other respects is affirmed.

Complaint is made of the recovery of costs against the plaintiff. It and the interveners claimed independently and adversely the money in dispute, and the rights of each to the same were fully litigated, and plaintiff, having been unsuccessful, should pay the costs.

JUDGMENT ACCORDINGLY.