CHARLES H. SWALLOW, APPELLEE, V. EUREKA MANUFAC-
TURING COMPANY ET AL., APPELLANTS.

FILED JUNE 13, 1911.  No. 16,497.

Appeal: PARTIES. A party to an action against whom no judgment has been rendered, or whose rights are not affected by the judgment of which he complains, cannot prosecute an appeal. *Cowherd v. Kitchen*, 57 Neb. 426.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Flansburg & Williams, George A. Adams* and *Morning & Ledwith,* for appellants.

*E. C. Strode, J. L. Caldwell* and *Hall, Woods & Pound,* contra.

BARNES, J.

This is an appeal from a decree of the district court for Lancaster county appointing a receiver to take charge of the affairs of the Eureka Manufacturing Company, a domestic corporation, for the pur⁚ ⁚ of closing up its business, collecting and disposing of its assets and applying the same to the payment of its debts. The action was brought by the appellee, who was a large stockholder in the corporation, and who had indorsed its commercial paper and otherwise become liable for a large amount of its indebtedness, because of the insolvency of the corporation and the refusal of its officers and directors to recognize his rights as a stockholder. The plaintiff had

the judgment, and the corporation and its co-defendants, A. O. Taylor, John F. Kaufman, William Gray, William Leonard and R. C. Hunter, appealed.

It appears from the record that shortly after the decree in question was rendered the Eureka Manufacturing Company was, by the order of the district court of the United States for the district of Nebraska, adjudged a bankrupt, and the referee in bankruptcy took complete charge of its affairs for the purpose of winding up its business and distributing its assets in the payment of its debts under the federal bankruptcy laws. On a showing of that fact and a motion of the plaintiff, in accordance with the rule announced in *Matson v. Emerson*, 2 Neb. (Unof.) 190, and *Washington Mill Co. v. Lincoln Sash & Door Co.* (No. 16,495), not reported,* the appeal of the corporation was dismissed.

It thus appears that the only matters left for our consideration are the rights of the individual appellants above named. An examination of the decree appealed from discloses that no judgment of any kind was rendered against them, and therefore it would seem that there was nothing in the decree from which they could appeal. It is suggested, however, that they were entitled to a jury trial to determine the several amounts found due from the corporation to its intervening creditors. If the corporation was here making this claim, it would be proper for us to consider it; but as no judgment was prayed for, and none was ever rendered against the remaining appellants, their present condition presents nothing but a moot question for our determination. It was stated, however, on the oral argument, that the amounts found and adjudged to be due to certain of the creditors of the corporation may at some future time become a basis of an action against the stockholders to recover on their liability for unpaid stock subscriptions. This question does not require serious consideration. The findings and judgment of the bankruptcy court, which

* No opinion.

has exclusive jurisdiction of proceedings of that nature, must necessarily furnish the proper basis for determining the amount of the stockholders' liability. Therefore it seems clear that no substantial right of any of the remaining apellants is in any way affected by the judgment of which they now complain.

The decree of the district court is therefore

AFFIRMED.