ERNEST C. BRAGONIER ET AL., APPELLEES, v. BROUGHMAN STEVENSON, APPELLANT.

FILED MAY 15, 1920. No. 20961.

1. **Appeal.** Ordinarily a party cannot appeal from a judgment granting him the relief demanded by his pleadings.

2. ———. A wrong reason for a correct conclusion of the trial court is generally immaterial on appeal.

3. **Judgment.** It is the duty of the prevailing party to submit a proper decree or to assist in preparing one.

4. **Appeal:** OBJECTION TO FINDINGS. Where a defendant in whose favor a judgment dismissing the action is rendered objects to any of the findings, he should request the trial court to reform or correct them before seeking relief by appeal.

APPEAL from the district court for Wayne county: ANSON A. WELCH, JUDGE. *Appeal dismissed.*

*Weaver & Giller,* for appellant.

*A. R. Davis* and *Fred S. Berry, contra.*

ROSE, J.

This is a suit in equity to cancel two notes aggregating

Bragonier v. Stevenson.

$1,100 and a mortgage securing them. Defendant sold to plaintiffs a one-fourth interest in a store at Sholes, and the notes and the mortgage were given for the purchase price. The action is based on the fraud of defendant in misrepresenting the value of the property and the amount of the store's indebtedness. Defendant denied the fraud imputed to him and prayed for a dismissal. Upon a trial of the issues the district court dismissed the action on the ground that plaintiffs had failed to rescind the contract of sale promptly upon discovering the fraud. Defendant has appealed from the judgment in his favor.

No complaint is made of the judgment itself, but findings that plaintiffs were induced by fraudulent misrepresentations of defendant to purchase his interest in the store and to execute and deliver the notes and the mortgage for the purchase price are assailed as unnecessary, improper, and prejudicial. The relief sought on appeal is the elimination of these findings. Ordinarily a party cannot appeal from a judgment granting him the relief demanded by his pleadings. A wrong reason for a correct conclusion of the trial court is generally immaterial on review. The record does not show that the trial judge was asked to correct or reform his findings, or that defendant tendered a proper journal entry. It is the duty of the prevailing party to draw the decree or to assist in preparing it. The judgment being in favor of defendant, he should have given the trial judge an opportunity to correct or reform the findings. Attention to this matter in the court below was required by proper practice and fairness to the presiding judge. Such a course might have prevented the expense and delay of an appeal. It follows that the findings assailed are not reviewable on the record presented.

ATTENTION                  APPEAL DISMISSED.

MORRISSEY, C. J., LETTON and FLANSBURG, JJ., not sitting.