734          NEBRASKA REPORTS.          [VOL. 114

King of Trails Bridge Co. v. Plattsmouth Auto & Wagon Bridge Co.

---

KING OF TRAILS BRIDGE COMPANY ET AL., APPELLANTS, V.
PLATTSMOUTH AUTO & WAGON BRIDGE
COMPANY, APPELLEE.

FILED JULY 7, 1926.   No. 25141.

1.  **Bridges:**  TOLLS.  When the district court of the proper county has prescribed the maximum toll bridge rate, under section 492, Comp. St. 1922, which a bridge company may demand, or receive, from a patron, it is not unlawful for such company to demand, or to receive, a less rate from such patron than the maximum toll bridge rate prescribed by the district court, such rate being uniform as to class of patrons.

King of Trails Bridge Co. v. Plattsmouth Auto & Wagon Bridge Co.

2. **Statutes: CONSTRUCTION.** The legislative intent is the cardinal rule in the construction of statutes.

3. **Affirmance.** Under the record before us, the judgment of the district court is for affirmance.

APPEAL from the district court for Cass county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Norris Brown, Brogan, Ellick & Raymond, W. A. Robertson, W. G. Kieck* and *H. A. Collins,* for appellants.

*Paul Jessen* and *A. L. Tidd, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

DEAN, J.

King of Trails Bridge Company, plaintiff, and Plattsmouth Auto & Wagon Bridge Company, defendants, are Nebraska corporations, with their respective principal places of business at Plattsmouth, in Cass county. Both corporations erected, maintain and operate separate toll bridges over the Platte river from Plattsmouth to points in Sarpy county. The bridges are about a quarter of a mile apart and are approached by the same highways in both counties. In respect of the rates of toll that may be charged by a Nebraska toll bridge company the statute provides:

"The company, previous to receiving any tolls upon said bridge, shall set up and keep in a conspicuous place a board on said bridge, on which shall be written, painted, or printed, in a plain and legible manner, the rates of toll, which rates of toll shall have been prescribed by the district court of the proper county; and if any company shall demand or receive any greater rates of toll than the rate prescribed by said court, they shall be subject to a fine of ten dollars for each offense." Comp. St. 1922, sec. 492.

The defendant company complied with the above statutory provision by the erection of a board, conspicuously placed, whereon the rates of toll were plainly inscribed which, under the act, were theretofore prescribed by the

736          NEBRASKA REPORTS.          [VOL. 114

King of Trails Bridge Co. v. Plattsmouth Auto & Wagon Bridge Co.

district court for Cass county. It is proper to note that the court prescribed the same rates of toll for both plaintiff and defendant.

This suit arose out of substantially the following facts: King of Trails Bridge Company sought to enjoin the defendant bridge company from charging lower toll rates than the rates prescribed by the district court. Cass and Sarpy counties joined in a petition of intervention wherein the counties also prayed for an injunction against the defendant company on the same grounds and they prayed for the same relief.

For convenience the plaintiff and the interveners, their prayers for relief being substantially the same, will be hereinafter referred to as plaintiff.

Plaintiff pleaded that the defendant charged a lower schedule of rates on three different classes of toll bridge patrons, out of a total of 21 toll bridge classes, than that prescribed by the district court, and that defendant published such lowered schedule of rates in newspapers in Cass and Sarpy counties and elsewhere in Nebraska. The contention is that such lowered rates were adopted to "stifle competition" and that such lowered rates are without lawful authority. The plea is that the defendant company should be compelled to charge the higher rates as prescribed by the district court.

The defendant company demurred to plaintiff's petition and to the joint petition of the intervening counties. The demurrers were sustained. Both plaintiff and the intervening counties refused to plead further and, as the decree recites, the petitions "are hereby dismissed for want of equity, and a temporary injunction preventing the defendant from lowering the rates of toll * * * is hereby denied and the restraining order heretofore issued in this cause is vacated." King of Trails Bridge Company and the interveners appealed.

Plaintiff's counsel argue: "If the bridge company has the right to alter its rates of toll as prescribed by the district court, then the bridge company would have a right

to discriminate in the collection of its tolls, charging one person one rate and a different person another rate, which clearly would be unreasonable and unjust and necessitate the exercise of a sovereign prerogative.   No such proposition is contemplated by the statute."   The answer is that discrimination has not been charged in any of the pleadings before us.   The question of discrimination in the collection of tolls, that is to say, "charging one person one rate and a different person another rate," as plaintiff argues, has no place in this suit.   It is of course competent for the legislature to amend the act to meet the hypothetical proposition so advanced if so minded.   The sole complaint of plaintiff is based on the reduction of the charges on the three classes of toll bridge patrons out of a total of 21 classes, as above noted.

Plaintiff's counsel pleaded that the close proximity of the respective toll bridges is such that, if defendant's lowered toll rates are not restored to the maximum rate, as prescribed by the court, the traffic will be diverted to defendant's bridge and the plaintiff bridge company "will not receive returns to offset a fair rate of interest figured upon its investment or to provide funds for keeping said bridge in repair; and, by reason thereof, the net cost will be increased to a figure which will prevent the state of Nebraska, and the counties of Cass and Sarpy, from taking over said bridge under the resolution and condition upon which said bridge was constructed."   Counsel continues: "The question involved rests upon the construction of   *   *   *   sections 486 and 492 of the Compiled Statutes of Nebraska, 1922."   Section 492, above cited, has been hereinbefore incorporated in this opinion.

Section 486, Comp. St. 1922, so far as applicable here, follows: "Whenever any number of persons, not less than five, associate themselves together for the purpose of constructing a bridge over any of the streams of water in this state, they shall (when incorporated)   *   *   *   be deemed a body corporate   *   *   *   and be subject to all restrictions hereafter provided."

738        NEBRASKA REPORTS.        [VOL. 114

King of Trails Bridge Co. v. Plattsmouth Auto & Wagon Bridge Co.

It is to be borne in mind that section 492, Comp. St. 1922, above cited, places no restriction upon toll bridge companies, in respect of rates, other than that they shall keep their tolls within the maximum prescribed by the district court. And it is obvious that this provision was made, in the interest of the general public, to prevent oppression and extortion. That a minimum rate was not imposed in the act was doubtless a legislative recognition of the unwritten law of competition which, ordinarily, favors the public at large. Anyhow, in view of the facts and the law, we are, of course, powerless to read a minimum rate into the act. Clearly the legislature is satisfied with the law as it now is, because, as pointed out by plaintiff's counsel, the act has been on the books for 60 years and from the date of its adoption, in 1866, until the present hour it has stood unchanged and unamended. It may here be added, too, that this is the first time the question has been presented to this court.

Plaintiff's counsel argue that a grantee, in cases of this class, takes no right by implication, and that he is bound by all the conditions prescribed by the grant. Very true. And the statute is the grant. Is any condition expressly prescribed by the legislative grant before us, in respect of toll rates, other than that the defendant toll bridge company shall not demand, nor receive, any greater rate of toll than the rates prescribed by the district court under the act? Clearly no other condition is imposed and none other is pleaded by any of the parties to this suit. It has been said that a cause of action cannot be based upon the fact that a person solicited and obtained the business of a competitor where such solicitation is conducted in a lawful manner and for a lawful purpose. *Citizens Light, H. & P. Co. v. Montgomery Light & W. P. Co.*, 171 Fed. 553. It is common knowledge that in the marts of trade and commerce, and among public service corporations generally, an agreement to impose oppressive prices, or charges, will not be upheld by courts having jurisdiction to act in the premises. It is well known that such agreements are often, by statute, made illegal and the perpetrators are punishable by fine or

imprisonment. But the courts will not, ordinarily, disturb lawful competition in the field of legitimate business pur-suits.

In *Patterson v. Wollman*, 5 N. Dak. 608, it is held that, where the state itself does not conduct its own toll bridge traffic, all questions having to do with the terms on which the state shall grant special privileges to others in respect of toll bridge rates "and all other questions connected with the subject are absolutely within the control of the legis-lature." *Adams v. City Council of Fort Gaines*, 80 Ga. 85; *Saunders v. Hathaway*, 25 N. Car. 402. "In some in-stances statutes authorizing toll bridges have specifically exempted from the payment of tolls persons engaged in certain employments or pursuits, or citizens of a certain county; and as the purpose of the law in fixing the rates of toll is to prevent extortion, it follows that, unless for-bidden by charter or statute, the company may, by vote or contract, exempt certain parties from toll, or commute or compound the toll, or levy what they choose from each per-son, so long as they keep within the prescribed maximum." 9 C. J. 447, sec. 34. It has been said that the principle is well established that the legislature has almost absolute power with respect to the erection and regulation of toll bridges and that the authority of the legislature in this respect is justified on the ground that it promotes the public interest. 4 R. C. L. 204, sec. 12.

Had the legislature intended that the toll bridge rates prescribed by it under the act in question should be abso-lute and that there should be no downward departure there-from by a toll bridge company, it is clear that it would have said so in apt language. But it did not indicate any intention other than that expressed by such plain and unambiguous language that it is not susceptible of strained construction. We think that, under the weight of authority, we are bound by the plain wording of the statute. It seems to us that it means just what it says. The statutory penalty being confined, as it is, to an unauthorized raise in the toll bridge rates, we do not think the matter complained of in the present case is subject to judicial interference. It seems

to us that if a change in the act is desired, which came into being while Nebraska was yet a territory, application to this end should be made to the legislature. We conclude that when the district court of the proper county has prescribed the maximum toll bridge rate, under section 492, Comp. St. 1922, which a bridge company may demand, or receive, from a patron, it is not unlawful for such company to demand, or to receive, a lower rate from such patron than the maximum toll bridge rate prescribed by the district court, such rate being uniform as to class of patrons.

The weight of authority seems to support defendant's argument. We think the intent of the legislature is clear, and to interpret its intent is the cardinal rule in the construction of statutes. Reversible error has not been pointed out.

The judgment of the district court is

AFFIRMED.