IN RE ESTATE OF MONROE BOLTON.
SARAH S. BOLTON, EXECUTRIX, ET AL., APPELLEES, V.
CLARENCE G. BLISS, RECEIVER, ET AL., APPELLANTS.

FILED OCTOBER 16, 1931. No. 27763.

738

*Waring & Waring*, for appellants.

C. C. *Cartney* and *Perry, Van Pelt & Marti*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

Contingent claims for possible stockholders' liability in four failed banks were filed in the county court of Fillmore county against the estate of Monroe Bolton. The county court approved the executor's final report, but, because of said contingent claims, directed them to hold property aggregating in value $70,176.33 until further order of the court. From this order the four contingent claimants appealed to the district court and the executors filed a motion to dismiss the appeal. The district court thereupon entered an order finding that no final order had been made by the county court from which the contingent claimants had a right to appeal, and dismissed the appeal. The receivers of the four banks bring the case to this court as appellants. The executrix and the executor are the appellees.

The following facts set out in the pleadings will assist in making the controversy clear. Monroe Bolton, deceased, in his last will, made at Geneva, Nebraska, August 28, 1926, named his wife, Sarah S. Bolton, executrix, and Ernest L. Smith, the husband of his daughter Eva, as executor. In his will he devised certain tracts of real estate to his wife, other real estate to his son Ralph, and still other real estate to his daughter Lora. He gave to each of his three children $5,000 in cash and gave the life estate in the remainder of his property to his wife and at her death it was to pass to his three children.

Monroe Bolton died September 23, 1927, and on October 25, 1927, letters of administration were issued. The inventory disclosed real estate of the approximate value of $25,000, certificates of deposit and shares of stock in corporations of the value of $89,367.94, and notes and accounts to the amount of $21,576.60, but the value of 314 2/3 shares of stock in six state banks in Nebraska was listed as unknown.

The receiver of the Citizens State Bank of Geneva filed a contingent claim against said estate, setting out that the decedent at the time of his death owned 40 shares of the capital stock of said bank and that said estate might at some future time be liable to the receiver of said bank in the sum of $4,000 thereon. The receiver of the Strang State Bank filed a similar contingent claim, based upon 33 shares of stock in that bank, of face value of $3,300, which decedent owned at the time of his death; and the receiver of the State Bank of Minatare filed a similar claim for $9,833.33, based upon 98 1/3 shares of stock which decedent owned in that bank; and the receiver of the State Bank of. Nelson filed a contingent claim for $2,333.33, based upon 23 1/3 shares of stock which decedent owned in that bank at the time of his death; making the four contingent claims in said four banks amount to $19,466.66, being based on the ownership by the decedent of 194 2/3 shares of stock in said four banks.

Omitting references to a judgment of $10,000 of the Geneva State Bank allowed upon two notes of $5,000 each, which claim is not involved in this appeal, the final portion of the order entered by the county court upon January 22, 1930, upon the final report and petition for discharge of the executors reads as follows: "It is therefore ordered, adjudged and decreed by the court that said executors be and they are hereby discharged as to all matters except said four contingent claims; * * * that said executors shall continue to furnish bond in the amount of $20,000 until finally and fully discharged. It is further ordered that upon said executors presenting·to this court receipts or other proof * * * that the contingent claims

have been satisfied, or that the said contingent claims have been successfully defeated by litigation, said excutors are discharged as to said contingent claims, it being specifically ordered and adjudged that said executors are continued in office for no purpose except * * * to litigate or discharge said contingent claims.

"It is further ordered and decreed that the executors in said estate are hereby directed to hold intact the properties:

Magee's Inc. par and actual value ............................$15,600.00
Union Lumber Company of Ruskin, Nebraska,
    par and actual value.............................................. 9,500.00
M. Bolton Lumber Company, Geneva, Nebraska,
    actual value ............................................:............... 30,000.00
Balance on deposit Citizens State Bank................ 4,608.99
Cash on hand............................................................... 10,467.34
 

     Aggregating.................................................$70,176.33

and to keep the Bolton Lumber Company yards properly insured.

"It is further ordered, adjudged and decreed that all claims against said estate of whatever nature, other than said four contingent claims above described, * * * are hereby forever barred against said estate; that any party interested in this estate desiring to appeal from any order herein shall give bond within the time required by law in the sum of $500."

It is stated in the briefs that upon January 25, 1930, which was three days after the entry of the order barring all claims except the four contingent claims, the receiver of the Exchange Bank of Ong filed a contingent claim for 100 shares of stock owned therein by the deceased, but such receiver is not an appellant herein. Unfortunately the clerk in making up the transcript did not show the dates of the filing of the instruments.

The receivers of the four banks having contingent claims duly filed appealed to the district court, and at the May, 1930, term thereof, at a session held September 5, 1930, the district court, upon the hearing upon the motion of

the attorneys for the executors to dismiss the appeal, ordered "that unless appellants file pleadings setting forth their claims within fifteen days from this date, said appeal be dismissed; that if appellants file such claims within such time, the appellee have ten days thereafter in which to plead thereto."

At the October, 1930, term of the district court an order was entered reading in part as follows: "This cause came on to be heard upon the motion to vacate the order of dismissal entered by this court on the 5th day of September, 1930, and the court, having heard the arguments of counsel, and being fully advised in the premises, finds that the record shows on its face that no final order was made in the county court of Fillmore county, Nebraska, from which the Citizens State Bank of Geneva, the Strang State Bank, the State Bank of Nelson or the State Bank of Minatare, have a right of appeal, and the said motion to vacate is hereby denied, and the appeal is dismissed."

Appellees insist that appellants did not comply with the law which requires that they file their petitions within 50 days from the rendition of the judgment in the lower court, nor did they plead within the rule day fixed by the district court, and that such court was clearly within its discretionary power in dismissing their appeals, and that the dismissal took place at the May term of court and was not appealed from at that term.

1. Section 30-701, Comp. St. 1929, provides: "If any person shall be liable as security for the deceased, *or have any other contingent claim against his estate* which cannot be proved as a debt, the same may be presented, with the proper proof, to the county court, which, if satisfied that such claim is a legal demand against said estate, may order the executor or administrator to retain in his hands sufficient to pay such contingent claim, when the same shall become absolute."

Section 30-702 provides: "If such contingent claim shall become absolute, and shall be presented to the county court * * * at any time within two years from the time limited for other creditors to present their claims, it may be allowed upon due proof, as in case of other claims."

Section 30-703 provides: "If such contingent claim shall be allowed, * * * the creditors shall be entitled to receive payment to the same extent as other creditors, *if the estate retained by the executor or administrator shall be sufficient for that purpose.*"

Section 30-705 sets out that, when the claim shall be presented within one year from the time when it shall accrue, and the executor shall not have sufficient to pay the whole of said claim, the creditor shall have the right to recover such part as the executor has not assets to pay, against the heirs, devisees, or legatees who shall have received sufficient real or personal property from the estate.

A contingent claim is one that is now wholly uncertain as to whether there will ever be a liability. *Grand Lodge, I. O. O. F., v. Troutman,* 80 Kan. 441.

A contingent claim against an estate may be defined as one where the liability depends upon some future event, which may or may not happen, and which therefore makes it wholly uncertain whether there ever will be a liability. In the case of a contingent claim, the contingency does not relate simply to the amount which may be recovered, but to the uncertainty whether any amount will ever become due. *Franklin v. Parks,* 77 Okla. 280; *Stichter v. Cox,* 52 Neb. 532.

2. Section 30-1601, Comp. St. 1929, allows appeal from the county court to the district court from any final order "by any person against whom any such order, judgment or decree may be made or who may be affected thereby."

The appellees cite *Burlington & M. R. R. Co. v. Martin,* 47 Neb. 56, holding: "A petition in error will be dismissed where it is prosecuted by one who has no interest in the controversy, and against whom no judgment has been entered." Also, *Cowherd v. Kitchen,* 57 Neb. 426, which says in the text: "But these appellants were not prejudiced by the order of discharge, and it is elementary that one cannot appeal from a decision, however erroneous, which does not affect his substantial rights." In *Swallow v. Eureka Mfg. Co.,* 89 Neb. 467, also cited by the appellees, we find this statement: "An examination of the decree

appealed from discloses that no judgment of any kind was rendered against them, and therefore it would seem that there was nothing in the decree from which they could appeal. * * * Therefore it seems clear that no substantial right of any of the remaining appellants is in any way affected by the judgment of which they now complain." In *Sturtevant Co. v. Bohn Sash & Door Co.*, 59 Neb. 82, it is said: "One not prejudiced by a judgment cannot obtain a review thereof."

The order entered is certainly not *against* the appellants, but in their favor, directing the executors to retain some $70,000 worth of property to pay such contingent claims as might possibly become absolute at some future time.

In *In re Estate of Wilson*, 98 Neb. 852, the argument was made that, as notice had been given of final settlement of the estate, the order made at such hearing must be final in all particulars, but this court said that the effect of the order must be determined by the order itself, and, as the administrator was not discharged and further reports would be necessary, held it was not a final adjudication of the accounts of the administrator.

In *In re Estate of Hansen*, 117 Neb. 551, Chief Justice Goss held that an order of the county court approving items of an account will not be regarded as final if it does not at the same time discharge the executor. In the case on trial the order reads: "It being specifically ordered and adjudged that said executors are continued in office for no purpose except * * * to litigate or discharge said contingent claims." Certainly, as to the appellants herein, other reports were to follow, and after these contingent claims were settled, in case they became absolute, other reports would disclose how the remainder of the $70,000 of assets were distributed.

The case of *Hazlett v. Estate of Blakely*, 70 Neb. 613, involved the collection of a stock liability for ten shares of stock by the receiver of the American Bank of Beatrice. No contingent claim was filed in the county court, but in the district court a judgment was entered in an independ-

ent case for $1,000, which matter had been contested in that court by the administratrix, who immediately, without notice to the receiver, procured approval of her final report and her discharge as administratrix in the county court. "It will be observed," said Commissioner Albert, in rendering the opinion in this court, "that a portion of the relief sought by the plaintiff was the vacation of a decree of final settlement and an order discharging the administratrix. But we do not think such relief is essential to the ultimate relief sought, namely, the examination and allowance of the claim against the estate. The law appears to be that the formal discharge contained in the decree on final accounting applies only as to the accounts of the parties up to that period. The trust of an administrator * * * is a continuing one, and a decree of final accounting does not destroy the relation of such officer, but only discharges him from liability for the past."

In *Francisco v. Wingfield*, 161 Mo. 542, it was held that an executrix continued in office and remained clothed with the duties of the office and subject to the control of the probate court until a decree was entered discharging her, as it appeared that when the probate court approved her final settlement the decree expressly provided that the estate should remain open for the purpose of selling the real estate in accordance with the terms of the will. See note, 8 A. L. R. 185.

"Ordinarily a party cannot appeal from a judgment granting him the relief demanded by his pleadings. A wrong reason for a correct conclusion of the trial court is generally immaterial on appeal." *Bragonier v. Stevenson*, 104 Neb. 578.

3. In this case the record before us consists of a transcript of certain pleadings and orders, but no bill of exceptions is attached of any of the evidence which may have been considered by the district judge in ruling upon the case. *In re Estate of Lauderback*, 106 Neb. 461, holds: "In the absence of a bill of exceptions preserving the evidence, this court will presume that the district court correctly determined every issue of fact presented by the pleadings."

The receivers of the four state banks are attempting to appeal from an order of the county court approving a final report filed by the executors. It is strenuously contended by appellees that a party cannot prosecute an appeal from an order when he is not prejudiced thereby. In the same order to which they are objecting it provided that the executorship should be continued for the purpose of handling their four claims when the same became absolute, and which claims cannot in any event exceed $19,466.66, and the county court required a bond of $20,000 to be kept in effect and required property of a fair value of over $70,000 to be impounded to guarantee the payment of whatever claims finally became absolute.

Appellees contend that a party who cannot possibly under the law receive more relief than he secured in the lower court has no right of appeal, and a pertinent inquiry would be: Could the district court make any order more favorable to the appellants than the county court has made? We think not.

In *Cowherd v. Kitchen*, 57 Neb. 426, the last paragraph of the syllabus says: "One cannot prosecute an appeal from an order discharging an executor where he is not prejudiced by the decision."

In 2 Woerner, American Law of Administration (3d ed.) 1052, the author says: "As a general proposition, the liability of a stockholder in an insolvent corporation is not released by his death, and, the necessary legal requirements being observed, his estate is in general liable to the same extent as if he were living. And if the remedy cannot be enforced against an estate, as where liability does not arise until after distribution to legatees or distributees, they are liable to the extent received by them."

*Brownell v. Anderson*, 117 Neb. 652, is quite in point. In that case deceased owned 20 shares of stock in the First Bank of Nickerson, and an order barring all claims was entered six months before the receiver was appointed for the bank, but as soon as he was appointed he filed a contingent claim and asked that the final discharge of the executor be deferred or that he retain from distribution suffi-

cient assets to meet this claim. This contingent claim was filed at the earliest opportunity, but it did not vest the county court with exclusive jurisdiction over the claim, nor did it deprive the district court from proceeding with a suit in equity by a creditor for the benefit of all creditors, or by the receiver, against all the stockholders, and held that it was the duty of the county court to direct the executor to retain in his hands sufficient of the assets to pay the contingent claim. A similar holding is found in *Rogers v. Selleck,* 117 Neb. 569.

4. It is clear that no substantial rights of the appellants are in any way affected by the decision of which they complain.

It is contended that these contingent claims have been *allowed* by the county court. We do not so understand it. Section 30-701, Comp. St. 1929, says: "If any person shall be liable as security for the deceased, or have any other contingent claim against his estate *which cannot be proved as a debt,*" then the county court may order the executor to retain sufficient funds to pay such contingent claims when they shall become absolute. The county court could not at that time allow the claims, but directed everything to be done which could be done for them under the law. The district court could have made no more favorable order and did right in dismissing their attempted appeal.

AFFIRMED.