GEORGE LANDGREN, APPELLANT, V. SARAH S. BOLTON
ET AL., APPELLEES.

FILED JUNE 1, 1934. No. 28892.

*Waring & Waring,* for appellant.

*C. C. Cartney, J. P. O'Gara, Perry, Van Pelt & Marti* and *Sloans, Keenan & Corbitt, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

LANDIS, District Judge.

This is a suit for rescission of a contract. The trial court dismissed the action and plaintiff appeals.

The contract which plaintiff seeks rescission of is one executed by the parties March 5, 1929. It provides that Sarah S. Bolton, a widow, party of the first part, sells to George Landgren, party of the second part, a residence property in the city of Geneva for $5,500. Landgren was given immediate possession of the premises. According to the agreement the Geneva State Bank was to hold the

deed and United States Liberty bonds of the par value of $5,500. Among the provisions of the contract are:

"Whereas, the said George Landgren is of the opinion that the abstract of title to said premises furnished by party of the first part does not show in her a good and merchantable title to said premises, * * *

"That pending the time that first party requires to furnish an abstract showing a clear and merchantable title of record to said premises, the party of the second part hereby agrees and directs the Geneva State Bank to pay to party of the first part accruing interest on said above described securities.

"That in case said first party is unable to furnish an abstract showing a clear and merchantable title of record to said premises, said interest on said securities so paid as above directed shall be in full payment of the use, right of possession, and rental of said premises.

"That the party of the first part shall undertake, as early as practicable, to give to party of the second part an abstract showing payment of all taxes, special assessments, and judgments that are liens against said premises on this date, and in every way a clear and merchantable title of record.

"That in the event party of the first part is unable to furnish an abstract showing a clear and merchantable title of record in her to said premises on or before May 1, 1930, then, and in that case, the said Geneva State Bank is hereby authorized to return said above described deed to party of the first part, and said above described securities to party of the second part, less accrued interest to date of delivery, and second party to surrender up possession of said premises within thirty days thereafter.

"That upon the party of the first part furnishing an abstract showing a clear merchantable title of record to party of the second part, the Geneva State Bank is hereby authorized and directed to deliver said warranty deed to party of the second part, and said above described securities

in the sum of $5,500 to party of the first part in full payment of the purchase price of said premises."

Party of the second part was to pay the taxes, but to be reimbursed therefor if first party was unable to furnish a clear and merchantable title of record to party of the second part.

September 3, 1932, plaintiff instituted his suit for recission, and on February 20, 1933, trial was had. The trial court made the finding: "Specifically finds that the plaintiff is amply protected by the terms of the escrow, which is to be continued with the consent of the defendants, until the alleged claim of the Exchange Bank of Ong, Nebraska, is paid, litigated or otherwise disposed of,. or until further order of this court." The judgment entered was that the cause of action as set forth in plaintiff's petition be dismissed, "the court retaining jurisdiction of the cause for the purpose of making such other and further orders at a subsequent session of this court as may be necessary to protect the parties as to the alleged claim of the Exchange Bank of Ong."

Appellant, in his brief, says: "Really, the sole question in this case is whether or not a person is required to take a property with an outstanding unadjudicated claim against it? We submit that no one in the state of Nebraska, at the present writing, can definitely determine whether or not the $10,000 claim of the Exchange Bank of Ong is·a lien against the property which Landgren purchased."

The record reflects that the title to the property covered by the agreement of sale stood in the name of Monroe Bolton. His widow, Sarah S. Bolton, was devised this property by the will of her deceased husband. The Monroe Bolton will was probated and his estate administered in the county court of Fillmore county presided over by appellant as county judge. On January 22, 1930, a final decree was entered discharging the executors in the Bolton estate as to all matters except four contingent claims, barring claims, and directing the executors to hold assets of the estate aggregating $70,176.33 until the four con-

tingent claims were satisfied or discharged as well as another claim of the Geneva State Bank. By the time of the hearing of the instant case all these claims were satisfied and fully discharged.

On January 27, 1930, the secretary of the department of trade and commerce, as trustee of the Exchange Bank of Ong, filed a motion in the estate of Monroe Bolton, deceased, for leave to file a contingent claim based upon the ownership of the deceased of bank stock in the failed bank. It was requested that the executors be ordered to retain $10,000 of the assets of the estate to protect claimants. No order was made thereon, except on September 10, 1930, the county judge continued the matter pending a decision by the supreme court of a case asserted in the order as analogous.

The terms of the contract do not make time the essence thereof, and the conduct of the parties discloses that it was not so regarded. Appellant did not exercise any option or make a demand and offer to surrender the property on May 1, 1930, the date fixed in the contract, although some time later did make a conditional offer when the bonds were returned he would restore possession of the property within thirty days. The decree of the county court in the Bolton estate of January 22, 1930, was appealed and affirmed in the supreme court, *In re Estate of Bolton*, 121 Neb. 737.

Appellant acquiesced in appellee's efforts to perfect the title, and the delay in filing receipts for the contingent claims was made necessary, in part, by the appeal, the mandate from which was issued November 27, 1931. On August 3, 1930, appellant insured the buildings on the property in dispute for $5,300 against fire and windstorm. There is no provision in the policy providing for any other interests as they may appear, but appellant therein is insured as absolute and unconditional owner of the property. No fraud is claimed or shown. There is no question raised as to the good faith of the parties. Appellant

paid the taxes and insurance; appellee paid the contingent claims; each party having paid out substantial amounts.

It seems as though the Exchange Bank of Ong claim might be more apparent than real under the peculiar conditions of this case. The Bolton estate is substantial and solvent. The contingency of appellant's property ever being liable is so remote as to be neglible. Even this very remote contingency is protected by the trial court's decree. There has been no placing of the appellee *in statu quo* by tendering of absolute and unconditional possession of the property, and some acquiescence is shown in the record upon the part of appellant in appellee's efforts to perfect the title.

Rescission is not founded on an absolute right, but rather rests in the sound discretion of the court based on equitable principles. 9 C. J. 1161.

Considering this rule and the record, we reach the same conclusion as the trial court, hence judgment is

AFFIRMED.