CITY OF LINCOLN, APPELLANT, V. NEBRASKA WORKMEN'S
COMPENSATION COURT ET AL., APPELLEES.

274 N. W. 576

FILED JULY 16, 1937.  No. 30125.

*Loren H. Laughlin* and *George A. Piper*, for appellant.

*Richard C. Hunter, Attorney General, Bert L. Overcash*
and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and
CARTER, JJ.

EBERLY, J.

From the order of the district court for Lancaster county
dismissing this action (which is in the nature of prohibi-
tion) for want of jurisdiction, and thereafter overruling
its motion for a new trial, the city of Lincoln appeals.

The events out of which the litigation arises, include the
following: On April 27, 1936, Ben Swadley filed his peti-
tion against the city of Lincoln, asserting claims under
the Nebraska workmen's compensation law. It was in usual
form, and its sufficiency is not questioned. To the petition
the city of Lincoln filed its answer on May 9, 1936. A trial
upon the merits was had before Honorable Frank M. Coffey,
one of the judges of the Nebraska workmen's compensation
court, by whom findings and judgment in favor of Swadley
and against the defendant city were entered of record on
January 14, 1937, but not to the extent prayed for by plain-
tiff. On January 15, 1937, Ben Swadley, as plaintiff, filed in

writing with the compensation court his refusal to accept "the findings, order, award and judgment" thus entered on January 14, 1937, for errors alleged to have been made in the determination of his claim, and applied to the compensation court for a rehearing of his cause before all of the judges of that court. On January 15, 1937, there was entered in said cause by the Nebraska workmen's compensation court an "Order for Rehearing," in substance, as follows:

"The plaintiff has filed due and timely notice of a refusal to accept the award made and entered by Judge Frank M. Coffey one of the judges of the compensation court, in the above cause on the 14th day of January, 1937, and requests that rehearing be had in said cause before the compensation court.

"It is, therefore, ordered, adjudged and decreed by the court that a rehearing shall be had before the compensation court, the date of said rehearing to be determined by the compensation court, subject to the provisions of the compensation law."

Thereafter a "Notice of Rehearing" was filed on January 25, 1937, which was transmitted to the representative of the defendant city by the United States mails.

On January 25, 1937, the city of Lincoln filed with the Nebraska workmen's compensation court a "Waiver of Rehearing and Notice of Appeal," in substance, as follows:

"The city of Lincoln, Nebraska, a municipal corporation, waives a rehearing of the above named cause before the Nebraska workmen's compensation court and elects to appeal directly to the district court for Lancaster county, Nebraska, from the award of Judge Frank M. Coffey, one of the judges of the Nebraska workmen's compensation court, made and entered therein on the 14th day of January, 1937, as provided by section 48-174, Comp. St. Supp. Neb. 1935."

A certificate of this fact was thereupon issued by the Nebraska workmen's compensation court, by Frank M. Coffey, presiding judge.

Thereupon, on January 27, 1937, what is denominated a "Special Appearance" was filed by the city of Lincoln, based on the claim that the perfected appeal by the city of Lincoln from the judgment as entered by the single judge of the Nebraska workmen's compensation court operated to deprive that court of jurisdiction to further proceed in the matter, and that the district court for Lancaster county thereby obtained, "and now has full, complete and exclusive jurisdiction over the parties to this proceeding and that the present attempt by the plaintiff to obtain a rehearing is null and void and without effect, and that the application of said plaintiff for rehearing, filed January 15, 1937, and the order of the Nebraska workmen's compensation court for a rehearing, made on said 15th day of January, 1937, are null, void, and without legal effect."

Thereafter this action in the nature of prohibition was instituted by the city of Lincoln as an original action in the district court for Lancaster county.

The determination of certain questions of procedure argued with great learning and skill at the bar of this court is deemed unnecessary to the decision of this case, and will not be determined.

The determinative question is the statutory power of the compensation court, under the facts disclosed by the record, to proceed further in the determination of this action. If the jurisdiction of the compensation court over the controversy continued, obviously the action of the district court for Lancaster county in dismissing the action without reference to any question of procedure was correct.

The following statutory provisions (appearing in chapter 57, Laws 1935) relate to the subject under consideration:

Section 1 provides in part: "There is hereby created, pursuant to the provisions of section 1, article V of the Constitution of the state of Nebraska, a court, consisting of three judges, to be appointed by the Governor and to be known as the Nebraska workmen's compensation court, which court shall have authority to administer and enforce all of the provisions of the Nebraska workmen's compen-

sation law and acts amendatory thereof except such as are committed to the courts of the appellate jurisdiction." Comp. St. Supp. 1935, sec. 48-162.

Section 5 provides, among other things: "A majority of the judges of the Nebraska compensation court shall constitute a quorum to transact business and the act or decision of any two of them shall in all cases be deemed the act or decision of the said court except as provided in section 13 of this act." Comp. St. Supp. 1935, sec. 48-166.

In part, section 6 provides: "The Nebraska workmen's compensation court may adopt all reasonable rules necessary for carrying out the intent and purpose of this act and shall administer and enforce all of the provisions of the Nebraska workmen's compensation law and acts amendatory thereof except such as are committed to the courts of appellate jurisdiction." Comp. St. Supp. 1935, sec. 48-167.

Section 11 provides: "All disputed claims for workmen's compensation shall be submitted to the Nebraska workmen's compensation court for a finding, award, order or judgment." Comp. St. Supp. 1935, sec. 48-172.

Section 12 provides: "The words 'Order,' 'Award,' and 'Judgment' as used herein are used interchangeably and are deemed to have the same meaning." Comp. St. Supp. 1935, sec. 48-173.

Section 13, covering the matter of procedure in the matters within its jurisdiction, after providing for pleadings of the respective parties, continues: "(4) At the expiration of the time fixed for filing the answer the court shall assign one of the judges of said court to hear the cause and make such findings, and such orders, awards or judgments as said court or judge is authorized by law to make, and such findings, orders, awards and judgments shall be signed by the judge before whom such proceedings were had. When proceedings are had before a judge of said court, his findings, orders, awards and judgments shall be conclusive upon all parties at interest unless reversed or modified upon appeal as hereinafter provided. (5) Either party at interest who refuses to accept the findings, order,

award or judgment of the said judge may, within fourteen days after the date thereof, file with the said court an application for a rehearing, plainly stating the errors on which such party relies for reversal or modification. Such party shall at the same time file with said court, copies of such application for the other party at interest. The said court shall then immediately serve upon such other parties by mail or otherwise, as elsewhere herein provided, a copy of said application for rehearing, and within thirty days thereafter shall proceed to hear said cause *de novo,* and a shorthand record shall be made of all testimony and evidence submitted in such proceedings. The hearing by the said court shall be held in Lancaster county, Nebraska, or in any other county in the state in the discretion of the court. Within fourteen days after such hearing the said court shall make its findings, order, award or judgment, determining the issues in said cause. The compensation court may, on its own motion, modify or change its findings, order, award or judgment at any time before appeal and within ten days from the date of the said findings, order, award or judgment for the purpose of correcting any ambiguity or clerical error: Provided, however, that in any case the employer or the injured employee, or his dependents, as the case may be, may waive rehearing before the compensation court and in such case any appeal shall be directly to the district court of the county in which the accident occurred; provided, however, upon the written stipulation of the parties in the case the matter may be submitted to the district court of any county in the state either at or during a regular term of the district court of said county or during any period of time between the regular term time of the district court of said county, which court shall have authority to hear and determine the cause as in equity, when the same for all purposes shall be tried as one in equity; and that said appeal to the district court shall be taken and perfected in the same manner as provided for appeals to the compensation court, and in such cases the trial in the district court shall be a trial *de novo.*

All findings, orders, awards and judgments of the said court shall be conclusive upon all parties at interest unless reversed or modified upon appeal as hereinafter provided. In case either party at interest refuses to accept any final order of the said court, such party may, within fourteen days thereafter file with the district court in the county in which said cause arose, a verified petition setting forth the contention upon which such party relies for reversal or modification, together with a transcript of the pleadings before the compensation court and the orders of said court certified to by the clerk thereof and file within thirty days from the date of said final order a transcribed copy of the testimony and evidence taken before said compensation court, which transcript when certified to by the stenographer who made the record and settled by the compensation court as such shall constitute the bill of exceptions." Comp. St. Supp. 1935, sec. 48-174.

Thus, it appears that Swadley, the plaintiff, is insisting on his statutory right to a rehearing or retrial before the entire Nebraska workmen's compensation court of the issues determined by Judge Coffey, as provided by section 13 of the compensation act above quoted. On the other hand, the city of Lincoln insists upon its right of appeal from that judgment as defined in the proviso forming a part of section 13, and contends that such appeal by it perfected precludes further consideration of the proceeding by the compensation court.

It may be considered that these provisions which are relied on by the parties, considered apart from the context of the act, are materially conflicting, and the legislative intent which is evidenced thereby must be determined by a proper consideration of the entire enactment of which each forms a part.

"The legislative intent is the cardinal rule in the construction of statutes." *King of Trails Bridge Co. v. Plattsmouth Auto & Wagon Bridge Co.*, 114 Neb. 734, 209 N. W. 497. See, also, *State v. School District*, 99 Neb. 338, 156 N. W. 641.

So, also, the principle of construction is unchallenged that, "In construing a statute the legislative intent is to be gathered from the necessity or reason for its enactment, and its several provisions should be construed together, in the light of the general objects and purposes of the act, so as to give effect to the main intent, although thereby particular provisions are not construed according to their literal reading. That which is implied is as much a part of the statute as that which is expressed. When the literal enforcement of a statute would result in absurdity, the courts will assume that such consequences were not intended. *People v. City of Chicago,* 152 Ill. 546." *Kearney County v. Hapeman,* 102 Neb. 550, 167 N. W. 792.

Another matter for our consideration is that chapter 57, Laws 1935, establishing a workmen's compensation court, was peculiarly a remedial act. As such, it was clearly within the scope of the rule heretofore announced by this court, viz.: "In construing a remedial statute three things must be considered, viz.: The old law, the mischief, and the remedy." *Clother v. Maher,* 15 Neb. 1, 16 N. W. 902.

In addition thereto, a remedial statute is to receive a liberal construction to carry into effect the purposes for which it was enacted. *State v. Fremont E. & M. V. R. Co.,* 22 Neb. 313, 35 N. W. 118; *Becker v. Brown,* 65 Neb. 264, 91 N. W. 178.

In this connection, this court is also committed to the view: "A statute of doubtful meaning should be construed, if reasonably possible, so as to carry out the purpose and intention of the legislature, and when this purpose is manifest it will prevail over a seeming conflict in the language." *State v. Ure,* 91 Neb. 31, 135 N. W. 224.

Our present workmen's compensation court law creates, in lieu of a single compensation commissioner, a court made up of three judges having special qualifications. This court is vested with exclusive jurisdiction over "compensation claims." A majority of the court as a quorum is empowered to transact business. The act expressly provides:

"All disputed claims for workmen's compensation shall be submitted to the Nebraska workmen's compensation court for a finding, award, order or judgment." True, as a matter of convenience, section 13 of the act provides for a preliminary trial by a single member of the court, but it also provides that either party at interest may refuse to accept such judge's decision, and upon compliance with the statute by the party so refusing, the law contemplates the rehearing or retrial shall proceed before the court of three judges as an entirety. All provisions of the compensation court act, construed together, fairly evidence the intent that the compensation claimant, as well as his employer, shall be assured a trial by the "court" as defined in the act, and which alone is expressly given jurisdiction to hear "all disputed claims for workmen's compensation." The act was plainly intended to assure all persons in interest that such claims would be so determined. The attainment of this end furnished the reason for the enactment, and this purpose is clearly expressed in every provision relating to this subject contained in this law, save and except in the proviso forming a part of section 13 hereinbefore quoted, which provides for a waiver of rehearing before the compensation court and for an immediate appeal directly to the district court.

"A proviso which follows and restricts an enacting clause general in its scope, should be strictly construed, so as to take out of the enacting clause only those cases which are fairly within the terms of the proviso, and the burden of proof is on one claiming the benefit of the proviso." 59 C. J. 1089.

This proviso under consideration does not in terms purport to limit the rights of any parties to the litigation. At most, it simply confers an optional right of appeal, after first hearing, on either or any party to the proceeding. It does not negative the right of the opposing parties to a rehearing or retrial in express terms.

Does it accomplish the result by necessary implication? The compensation court act does not expressly or by neces-

sary implication deprive any suitor of a full and complete hearing by the Nebraska workmen's compensation court. Indeed, to do so would violate the express terms of the act, and the rules provided for the government of the court created by it.

The situation here presented invokes the application of the rule announced by this court in the case of *In re Heirship of Robinson,* 119 Neb. 285, 228 N. W. 852, viz.: "A proviso in a statute should be strictly construed, and this in the light reflected by the act or statutes of which it forms a part, not in derogation of the intent and purpose of the original, but in furtherance thereof."

Therefore, in furtherance of the intent and purpose of the Nebraska workmen's compensation court act that every suitor is entitled to have his cause determined finally, at his election, by that "court" on rehearing or retrial, we hold that this right is in no manner subject to modification by exercise of the powers defined by the terms of the proviso under consideration, and that the right to a rehearing by the court as such, in due course of administration of its powers, is preeminent, and the rights of appeal provided by the terms of the proviso exist only in subordination thereto.

In the construction of statutes, implications which in effect are necessarily contrary to and incompatible with the spirit and purpose of the enactment being construed will not be indulged in, and this principle is controlling as applied to the Nebraska workmen's compensation court act.

It follows that in the instant case the Nebraska workmen's compensation court at all times possessed exclusive jurisdiction of the litigation before us, and that the judgment of the district court for Lancaster county in dismissing this proceeding was in all respects correct, and it is, accordingly,

AFFIRMED.