JOE G. LIGHT, APPELLEE, V. NEBRASKA WORKMEN'S
COMPENSATION COURT, APPELLANT.
89 N. W. 2d 833

Filed April 25, 1958. No. 34380.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for appellant.

*Johnston & Grossman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

The district court granted a writ of prohibition preventing the workmen's compensation court sitting en banc from proceeding in a workmen's compensation case. The workmen's compensation court appeals. We reverse the judgment of the trial court and remand the cause with directions to dismiss the petition for the writ.

Herein we will refer to the plaintiff before the compensation court as the plaintiff and the defendants before the compensation court as the defendants.

The matter was submitted to the trial court on a general demurrer to the petition for the writ. It was overruled and the compensation court elected to stand on its demurrer. The writ issued.

The record shows these material facts:

Plaintiff filed his petition in the compensation court alleging an accident and a compensable injury. Issues were made and hearing was had before one judge of the compensation court pursuant to the provisions of section 48-177, R. R. S. 1943.

The result of that hearing was a finding "assuming,

but specifically not so finding, that the plaintiff did suffer an accident as he has alleged * * *; that there is insufficient evidence to show * * * any causal connection between plaintiff's back difficulties and the alleged accident; * * * therefore, plaintiff's petition should be dismissed." It was therefore ordered, adjudged, and decreed that the petition "is dismissed."

Five days later plaintiff filed a waiver of rehearing before the compensation court en banc as provided by section 48-181, R. R. S. 1943, and filed his petition on appeal in the district court. Under that procedure, if effective, plaintiff would have the right to a trial de novo in the district court as provided in the act.

Twelve days after the dismissal above recited, defendants filed a refusal to accept the order of dismissal and requested a rehearing before the compensation court en banc as provided in section 48-179, R. R. S. 1943, where the statute provides for a hearing de novo. They recited in their application for rehearing the contentions that the award failed to find that plaintiff did not suffer an accident within the course of his employment and that the failure to so find was contrary to law and the evidence.

Thereafter the compensation court and the district court each proceeded with the cause, claiming jurisdiction. The intermediate procedural steps need not be recited. Plaintiff then petitioned for and secured the writ of prohibition.

Plaintiff contends here that defendants by the order of dismissal secured all that they sought, were not prejudiced, and hence had no right to petition for a rehearing.

Defendants contend that their right to a rehearing before the compensation court en banc was a right paramount to the right of the plaintiff to waive rehearing and to appeal.

There is argument here that the award above recited would be res judicata of any subsequent claim by the plaintiff. When plaintiff elected to waive a rehearing

and appeal to the district court, defendants were not then confronted with the question of allowing the award to become final and testing its sufficiency as a determination of the issues presented. They were presented with the question of whether to elect to have a hearing de novo before the compensation court en banc or a trial de novo in the district court. They elected a hearing de novo before the compensation court and took the requisite steps to secure it.

The question, then, becomes that of whether the compensation court or the district court has jurisdiction of the cause.

The statute itself answers the question in this language: "Either party at interest who refuses to accept the findings, order, award, or judgment of the court on the original hearing may, within fourteen days after the date thereof, file with the Nebraska Workmen's Compensation Court an application for a rehearing before the court sitting en banc, plainly stating the errors on which such party relies for reversal or modification." § 48-179, R. R. S. 1943. However, section 48-181, R. R. S. 1943, provides in part: "In any such case, any party thereto may serve notice upon and waive rehearing before the Nebraska Workmen's Compensation Court. In such case any appeal shall be directly to the district court of the county in which the accident occurred; * * *."

Section 48-171, R. R. S. 1943, provides: "The words 'order,' 'award,' and 'judgment,' as used in section 48-101 to 48-190, are used interchangeably and are deemed to have the same meaning." The Legislature obviously recognized a distinction between "findings" and "order, award or judgment."

There is nothing in the language of the statute that negatives the right of "either party at interest" to refuse to accept the "findings" and request a rehearing before the court en banc if he desires to do so. It need

not be demonstrated that defendants are parties "at interest."

These statutes were exhaustively considered by us in City of Lincoln v. Nebraska Workmen's Compensation Court, 133 Neb. 225, 274 N. W. 576. We there recognized that there was some conflict in the provisions. The statutes were construed to determine the legislative intent. It was there held that the right of either party to a workmen's compensation proceeding to waive a rehearing and appeal to the district court under the provisions of section 48-181, R. R. S. 1943, is an optional right and does not negative the right of the opposing party to a rehearing before the workmen's compensation court en banc. The ultimate holding was: The right of either party to a workmen's compensation proceeding to refuse to accept the findings, order, award, or judgment of the judge of the workmen's compensation court who is assigned to hear the same, and to secure in the manner provided by law a rehearing or retrial thereof by such compensation court and a determination by a majority of the members thereof, is paramount to and exclusive of the right of appeal from such original decision; or as stated in the body of the opinion, "* * * this right is in no manner subject to modification by exercise of the powers defined by the terms of the proviso under consideration, and that the right to a rehearing by the court as such, in due course of administration of its powers, is preeminent, and the rights of appeal provided by the terms of the proviso exist only in subordination thereto."

This decision was approved in Mook v. City of Lincoln, 143 Neb. 254, 9 N. W. 2d 184. We there held: "* * * it is the failure to make application for rehearing in the manner provided by statute that defeats the right to a rehearing."

One further contention of the plaintiff requires mention. Section 48-180, R. R. S. 1943, provides: "The Nebraska Workmen's Compensation Court may, on its

own motion, modify or change its findings, order, award or judgment at any time before appeal and within ten days from the date of such findings, order, award or judgment for the purpose of correcting any ambiguity or clerical error."

Plaintiff contends that the defendants failed to proceed to secure a correction of the findings within the 10 days and hence is barred from a rehearing.

Obviously that statute has no application here. It refers to the power of the compensation court to correct ambiguity or clerical error "on its own motion." That action the compensation court may take within 10 days from the date of the findings or award.

It follows that the workmen's compensation court at all times possessed exclusive jurisdiction of the compensation litigation. The judgment of the district court granting the writ of prohibition was erroneous.

The judgment of the trial court is reversed and the cause remanded with directions to dismiss the petition for the writ of prohibition.

REVERSED AND REMANDED WITH DIRECTIONS.

CARTER, J., dissenting.

Appellee filed a claim in the compensation court for benefits under the Workmen's Compensation Act. After a hearing before one member of the compensation court, appellee's claim was dismissed. He waived his right to a rehearing before the full court, and appealed to the district court. The defendant in that proceeding then served notice to have the matter reheard before the compensation court sitting en banc. This action was brought to determine whether the district court or the compensation court had jurisdiction of the proceeding.

I submit that the defendant in the original proceeding had no right to have the decision reviewed because he was not aggrieved by the judgment entered. If appellee had not appealed to the district court and had elected to abide the decision of the single judge of the compensation court, can it be said that the de-

fendant had a right of review? The majority by its decision says that defendant has such right. In my opinion he does not.

It is the general rule that the right of review is restricted not only to those interested in the subject matter of the suit, but to those injuriously affected or aggrieved by the judgment or order complained of. See 4 C. J. S., Appeal & Error, § 183a, p. 554, and the cases therein collected. In Cowherd v. Kitchen, 57 Neb. 426, 77 N. W. 1107, we said: "But these appellants were not prejudiced by the order of discharge, and it is elementary that one cannot appeal from a decision, however erroneous, which does not affect his substantial rights." In Sturtevant Co. v. Bohn Sash & Door Co., 59 Neb. 82, 80 N. W. 273, we said: "One not prejudiced by a judgment can not obtain a review thereof." In Bragonier v. Stevenson, 104 Neb. 578, 178 N. W. 186, we said: "Ordinarily a party cannot appeal from a judgment granting him the relief demanded by his pleadings. A wrong reason for a correct conclusion of the trial court is generally immaterial on appeal." In the case of In re Estate of Bolton, 121 Neb. 737, 238 N. W. 358, this court said: "Appellees contend that a party who cannot possibly under the law receive more relief than he secured in the lower court has no right of appeal, and a pertinent inquiry would be: Could the district court make any order more favorable to the appellants than the county court has made? We think not. * * * The district court could have made no more favorable order and did right in dismissing their attempted appeal." I submit that the defendant in the original proceeding received the benefit of a judgment or order granting him all the relief demanded by his pleadings, no part of such judgment or order was adverse to his interests, and he was in no manner prejudiced by the final order made. It was a final order disposing of the litigation unless a proceeding to have it reviewed was properly initiated. I have found no case which

permits a review by a defendant under such circumstances.

The majority rely primarily on City of Lincoln v. Nebraska Workmen's Compensation Court, 133 Neb. 225, 274 N. W. 576, and Mook v. City of Lincoln, 143 Neb. 254, 9 N. W. 2d 184. In these cases the parties appealing to the full compensation court were denied a part of the relief sought before the one-member court. Such was not the case here. The distinction is a controlling one, and brings to this court a case of first impression.

There are provisions of the Workmen's Compensation Act which create a procedural monstrosity. No reason exists for abandoning established legal principles solely because of this fact. The majority completely overlooks the language of the statute requiring "an application for a rehearing before the court sitting en banc, plainly stating the errors on which such party relies *for reversal or modification.*" § 48-179, R. R. S. 1943. The defendant did not seek a reversal or modification of the order of dismissal, which is the relief he sought in the first action. The purported appeal to the full compensation court is a spurious one that has the effect only of toying with the processes of the courts.

Under the holding of the majority, a party who has obtained all he demanded by his pleadings may take an appeal which the full compensation court must hear, even though the party against whom such final order was entered may elect to abide the result. It permits the anomalous situation of an appeal being properly vested in the district court and then being divested by the subsequent action of an adverse party who had obtained all that he sought by his pleadings. It has been a rule of statutory construction by this court, frequently announced, that when a statute is subject to two constructions, one of which results in absurdity and the other avoids such result, the latter construc-

tion should be adopted. Safeway Cabs, Inc. v. Honer, 155 Neb. 418, 52 N. W. 2d 266; Maska v. Stoll, 163 Neb. 857, 81 N. W. 2d 571. This rule has particular application to the case at bar.

It is my opinion that the defendant in the former action had no right of review. He could not therefore lodge jurisdiction of the case with the full compensation court by any proceeding to secure a review. The appeal of the appellee to the district court was authorized and invested that court with jurisdiction to hear the case on appeal. The defendant, having no legal right to a review, could not subsequently divest the jurisdiction of the district court by a specious proceeding for such a review. Since the trial court arrived at this conclusion, I would affirm the judgment.